Johnny **MARTINEZ**, Appellant,

v.

Keith **WILSON**, Appellee.

No. 5487.

Court of Civil Appeals of Texas, Eastland.

Aug. 7, 1980.

John Weeks, Robinson, Hanna, Moore & Holloway, Inc., Abilene, for appellant.

James Bennett, McBryde, Bogle & Green, Fort Worth, for appellee.

McCLOUD, Chief Justice.

The question in this limitations defense summary judgment case is whether the movant conclusively negated diligence.

Johnny G. Martinez filed his original petition on September 12, 1978, alleging he sustained personal injuries resulting from Keith Wilson's negligent operation of his automobile on October 14, 1976. Defendant was served with citation on June 15, 1979. Wilson filed a motion for summary judgment urging that plaintiff's cause of action was barred by the two–year statute of limitations. Plaintiff then alleged that he had exercised diligence in procuring issuance and service of citation. The trial court granted defendant's motion. Plaintiff appeals. We reverse and remand.

Citation was first issued by the Palo Pinto County District Clerk on September 12, 1978. The citation, which listed defendant's address as 802 NW 13th Street, Mineral Wells, Texas, was returned unserved with the notation on the officer's return that "Wilson has moved unable to locate new address." By letter dated January 26, 1979, plaintiff's attorney requested the clerk to issue and forward to him a new citation. This citation was issued and forwarded to the attorney on January 29, 1979. This citation was never returned or filed with the Palo Pinto County District Clerk. On June 7, 1979, citation was again issued and was served on defendant on June 15, 1979. This citation listed defendant's address as "Route 1, Box 548G, Mineral Wells, Palo Pinto County, Texas."

Defendant lived at 802 NW 13th Street in Mineral Wells at the time of the accident, and moved from that address in "September" of 1978. On September 21, 1978, defendant's wife filled out and filed a change of address card with the United States Post Office in Mineral Wells, showing defendant's new address to be "Rt. 1, Box 548G," Mineral Wells, Texas. The postmaster stated by affidavit that the change of address card is a public record, and is available to any person who fills out a request form and pays a $1.00 fee. There is summary judgment proof that the plaintiff and defendant knew each other at the time of the accident, and for a period of time following the accident, they both worked for Cantex Industries. Defendant's supervisors at Cantex were aware that he had moved in September of 1978 to his new address.

It is well established that the mere filing of a suit will not interrupt or toll the running of a statute of limitation. To interrupt the statute, a plaintiff must continuously exercise diligence in procuring the issuance and service of citation. *Rigo Manufacturing Company v. Thomas,* 458 S.W.2d 180 (Tex.1970).

Our Supreme Court in *Zale Corporation v. Rosenbaum,* 520 S.W.2d 889 (Tex.1975) held that in a summary judgment case it is the movant's burden to conclusively establish the bar of limitations, and where the nonmovant pleads diligence in procuring issuance and service of citation, the limitations defense is not conclusively established

until the movant "negates" the diligence issue.

 The defendant in the instant case has merely shown available ways of ascertaining defendant's address. He has not, however, shown what steps or efforts were taken by plaintiff. Plaintiff's attorney and a paralegal filed affidavits detailing certain efforts they made to secure the issuance and service of citation. There is no summary judgment proof that these were the only efforts made on plaintiff's behalf. Plaintiff was not required to raise an issue of fact. Defendant had the burden of conclusively negating the diligence issue. We fail to see how the issue of diligence could be conclusively negated without a showing of what efforts or steps were taken.

The cases cited by defendant are distinguishable. The nonmovants in *Allen v. Bentley Laboratories, Inc.*, 538 S.W.2d 857 (Tex.Civ.App.–San Antonio 1976, writ ref'd n. r. e.) and *Strickland v. City of Denver City*, 559 S.W.2d 116 (Tex.Civ.App.–Eastland 1977, no writ) failed to plead "diligence." *Hamilton v. Goodson*, 578 S.W.2d 448 (Tex.Civ.App.–Houston [1st Dist.] 1979, no writ), *McGuire v. Federal Deposit Insurance Corporation*, 561 S.W.2d 213 (Tex.Civ.App.–Houston [1st Dist.] 1977, no writ), and *Williams v. Houston–Citizens Bank and Trust Company*, 531 S.W.2d 434 (Tex.Civ.App.–Houston [14th Dist.] 1975, writ ref'd n. r. e.), were trials on the merits where the plaintiffs had the burden of proving diligence.

The judgment of the trial court is reversed and the cause remanded.