The CADLE COMPANY, Appellant,

v.

C.P. MATHESON, Appellee.

No. 01–93–00296–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

Feb. 3, 1994.

Joel Muscat, Stafford, for appellant.

Gary L. McConnell, Klement & McConnell, Angleton, for appellee.

Before ANDELL, DUGGAN and HUTSON–DUNN, JJ.

## OPINION ON MOTION FOR REHEARING

HUTSON–DUNN, Justice.

The opinion issued by this Court on December 16, 1993, is withdrawn, and the following opinion is filed in lieu of the earlier one.

The Cadle Company, appellant, brought suit on two promissory notes executed by C.P. Matheson, appellee. The trial court rendered summary judgment finding appellant's suit barred by the four-year statute of limitations under TEX.CIV.PRAC. & REM.CODE ANN. § 16.004(a)(3) (Vernon 1986). Appellant challenges the judgment in a single point of error. We reverse.

Appellee executed two promissory notes to the Danbury Bank. The notes matured on October 1 and December 2, 1986. On August 21, 1986, the bank was closed by the Texas Banking Department, and the Federal Deposit Insurance Corporation (FDIC) was named as receiver. The FDIC became holder of both the notes executed by appellee. After making demand for payment in 1986, the FDIC assigned the notes to appellant on August 5, 1991. On August 13, 1992, appellant filed suit against appellee to collect on the notes. Appellee answered and filed a

motion for summary judgment based on the four-year statute of limitations, which the trial court granted in his favor.

■ The standards for reviewing a motion for summary judgment are well established. The movant has the burden of showing that there is no genuine issue of material fact such that it is entitled to judgment as a matter of law. *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548 (Tex.1985). If a defendant-movant seeks summary judgment based on an affirmative defense, summary judgment is proper if it conclusively establishes all elements of its affirmative defense as a matter of law. *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex.1979). On appeal, evidence favorable to the nonmovant will be taken as true; every reasonable inference must be indulged in favor of the nonmovant and any doubts resolved in its favor. *Montgomery v. Kennedy*, 669 S.W.2d 309, 310–11 (Tex.1984). A summary judgment cannot be affirmed on any grounds not presented in the motion for summary judgment. *Hall v. Harris County Water Control & Improvement Dist. No. 50*, 683 S.W.2d 863, 867 (Tex.App.–Houston [14th Dist.] 1984, no writ).

■ Appellant argues that because it is an assignee of the FDIC, this cause of action is governed by one of two statutes applicable to the FDIC that provide for a six-year statute of limitations under federal law. They cite 12 U.S.C. § 1821(d)(14)(A) (1989) and 28 U.S.C. § 2415(a) (1988).

Section 1821(d)(14)(A) provides:

(A) Notwithstanding any provision of any contract, the applicable statute of limitations with regard to any action brought by the [Federal Deposit Insurance] Corporation as conservator or receiver shall be

(i) in the case of any contract claim, the longer of—

(I) the 6–year period beginning on the date the claim accrues;

(II) the period applicable under State law.

Section 2415(a) provides:

(a) Subject to the provisions of section 2416 of this title, and except as otherwise provided by Congress, every action for money damages brought by the United States or an officer or agency thereof which is founded upon any contract express or implied in law or fact, shall be barred unless the complaint is filed within six years after the right of action accrues ...

The FDIC was appointed receiver on August 21, 1986, so the six year statutes under these two sections would have expired on October 1, and December 2, 1992, respectively. Appellant filed suit on August 13, 1992; therefore, if the federal statutes apply, his suit is not barred by limitations.

Section 16.004(a)(3) of the Texas Civil Practice and Remedies Code provides for a four-year statute of limitations for an action on a debt. If this statute applies, appellant's suit is barred, as the limitations periods expired on October 1 and December 2, 1990, respectively.

Three decisions by Texas courts of appeals are directly on point. In *Thweatt v. Jackson*, 838 S.W.2d 725, 728–29 (Tex.App.–Austin 1992, writ granted), the court held that the assignee of the note acquired the six-year statute of limitations that the FDIC had under section 1821. Under common-law principles, the assignee of a note stands in the shoes of the assignor, obtaining all rights, title, and interest of the assignor. *Thweatt*, 838 S.W.2d at 727–28. Therefore, the court reasoned, the assignee had rights to the same extent as the FDIC. *Id.*

Further, the court reasoned that public policy demanded this conclusion because,

if assignees of the FDIC were not allowed to benefit from the six-year statute of limitations in FIRREA, the FDIC would be forced to prosecute all notes for which the state statute of limitations had run, because such claims would be worthless to anyone else. Such a result would be contrary to the policy of ridding the federal system of failed bank assets.

*Id.* at 728.

In *Pineda v. P.M.I. Mortgage Insurance Co.*, 843 S.W.2d 660, 669 (Tex.App.–Corpus

Christi 1992), *writ denied per curiam*, 851 S.W.2d 191 (Tex.1993), the court held that the six-year federal statute of limitations was a right that passed under TEX.BUS. & COM. CODE ANN. § 3.201 (Vernon 1968) quoted above. In denying writ, the Texas Supreme Court stated that a majority of the court neither approved or disapproved of the court of appeals' discussion of whether the federal statute of limitations applied to the assignees of a federal agency. *Pineda*, 851 S.W.2d at 191.

In *Federal Debt Management v. Weatherly*, 842 S.W.2d 774, 779 (Tex.App.–Dallas 1992, writ granted), the court held that the four-year statute of limitations applied to the claim by the assignees of the FDIC. The Dallas court reasoned that although the public policy arguments were sound, section 1821(d)(14) is unambiguous and the clear language of the statute must be followed. *Weatherly*, 842 S.W.2d at 776, 778. Because the statute applies to actions "brought by [the FDIC]" and does not include assignees of the FDIC, the court held that the assignee of the notes was not entitled to the six-year statute of limitations. *Id.* at 776.

The Dallas court noted that the statute of limitations is not a *right* inherited by an assignee but is remedial in nature and limits substantive rights. *Id.* at 777 (citing *Matthews Constr. Co. v. Rosen*, 796 S.W.2d 692, 694 (Tex.1990)). Therefore, it reasoned, it is not transferred under the common-law principle stated above in *Thweatt* nor under TEX. BUS. & COM.CODE ANN. § 3.201(a) (Vernon 1968), which states, "[t]ransfer of an instrument vests in the transferee such rights as a transferor has therein." *Weatherly*, 842 S.W.2d at 777, 778.

The statute of limitations is generally a shield of defense used "to compel the assertion of a cause of action within a reasonable time so that the opposing party has a fair opportunity to defend while witnesses are available." *Matthews Constr. Co.*, 796 S.W.2d 692 at 694. Nevertheless, the Dallas court cites no authority for its assertion that a statute of limitations is not a right, and we disagree with that court in its finding that 12 U.S.C. § 1821(d)(14)(A) (1989), in particular,

is not a right in the scenario presented in this case.

This federal law is an advantage that the FDIC acquired over the state law when it became receiver of the Danbury Bank. Senator Reigle stated during the hearings for this bill: "The provisions should be construed to maximize potential recoveries by the Federal Government by preserving to the greatest extent permissible by law, claims that would otherwise have been lost due to the expiration of hitherto applicable limitations periods." 135 Cong.Rec. S10205 (daily ed. Aug. 4, 1989). Section 2415 has been described as a *benefit* by the Fifth Circuit because it extends the limitations period. *Federal Deposit Ins. Corp. v. Mmahat*, 907 F.2d 546, 551 n. 5 (5th Cir.1990), *cert. denied*, 499 U.S. 936, 111 S.Ct. 1387, 113 L.Ed.2d 444 (1991). Similarly, section 1821(d)(14)(A) is a benefit which allows the FDIC to protect its cause of action in situations where others could not.

Therefore, unlike most statutes of limitations, section 1821(d)(14)(A), applicable in particular to FDIC dispositions, creates a right for the FDIC rather than a shield of defense for a defendant. Thus, it is a right that is transferable to assignees of the FDIC under TEX.BUS. & COM.CODE ANN. section 3.201, or under the common-law doctrine which transfers all rights, title, and interest of an assignor to an assignee. Additionally, although section 1821(d)(14)(A) states that it is applicable to actions brought by the FDIC, there is nothing in the statute that says the FDIC may not assign this right in accordance with the laws of our state.

Further, we agree with the sound public policy argument offered by the Austin court. Indeed, this will maximize sums received and encourage a rapid disposition by the FDIC of debts belonging to the troubled bank, rather than forcing the FDIC to be engaged in years of litigation in its attempt to dispose of the assets of a failed bank.

We sustain appellant's sole point of error and hold that appellant acquired the six-year statute of limitations provided by 12 U.S.C. § 1821(d)(14)(A) as assignee of the FDIC.

We reverse the judgment and remand the cause to the trial court.