Thomas J. HOLSTEIN, III, Appellant,

v.

**FEDERAL DEBT MANAGEMENT, INC., Appellee.**

No. 01–94–00786–CV.

Court of Appeals of Texas, Houston (1st Dist.).

May 25, 1995.

Fred M. Bosse, Houston, for appellant.

Patrick L. Hughes, Houston, for appellee.

Before HUTSON–DUNN, WILSON and O'CONNOR, JJ.

## OPINION

O'CONNOR, Justice.

We are asked to decide two issues. First, whether the Texas or federal statute of limitations applies to an action for collection of a promissory note by an assignee of the Federal Deposit Insurance Company (FDIC). Second, whether there was diligence in requesting issuance of citation. The trial court granted summary judgment for the appellee, Federal Debt Management, Inc. (FDM), finding the appellant, Thomas Holstein, III, owed it $100,875.96. We affirm.

### Fact Summary

Holstein signed a $46,052.29 promissory note to Southwestern Bank–North Belt, N.A. on September 29, 1986. The note became due on March 30, 1987. Holstein defaulted.

On April 9, 1987, Southwestern Bank–North Belt, N.A. was declared insolvent, and the FDIC was appointed the receiver. The FDIC transferred the note to FDM pursuant to a bill of sale, and FDM became the holder and owner of the note. On April 6, 1993, FDM filed suit against Holstein for payment of the note. In his answer, Holstein asserted that the statute of limitations had run and that FDM charged usurious interest on the note. Both parties filed motions for summary judgment. The court signed a final judgment granting FDM's motion for summary judgment for $100,875.96, plus contractual interest before maturity, post-maturity interest, post-judgment interest, attorney fees, and court costs. The court denied Holstein's motion for summary judgment.

In FDM's motion for summary judgment, it stated: the note defines Holstein's obligations; Holstein cannot allege specific facts substantiating a defense and has admitted signing the note; Holstein's statute of limitations defense did not defeat FDM's claim because FDM filed suit within six years; and any defenses based upon oral statements made by the bank are barred by caselaw, the parol evidence rule, and the holder in due course doctrine. FDM asked for $46,052.29 in principal, with interest of $54,907.57 accrued as of November 8, 1993, and interest until judgment, along with attorney fees, court costs, and post-judgment interest.

FDM's summary judgment evidence included: an affidavit of Shirley Hicks, director of FDM's trust department, in which she details FDM's procedures to handle promissory notes purchased from the FDIC; a copy of the promissory note; a copy of the bill of sale transferring the note from the FDIC to FDM; an affidavit of Alan R. Hunn, FDM's attorney at trial, setting out his attorney fees; and a copy of Holstein's responses to FDM's requests for admissions.

In his response to FDM's motion, Holstein asserted: the documents that FDM relies on to prove the amount owing under the note are hearsay because there is no testimony how the records of the FDIC are prepared; FDM's action is barred by the four-year state statute of limitations under Tex.Civ. Prac. & Rem.Code § 16.004 (1986); and

FDM's cause of action is barred by the federal six-year statute of limitation under 12 U.S.C. § 1821(d)(14) because FDM did not take steps necessary for issuance and service of process until June 18, 1993, outside the statute of limitations; and (4) the note is usurious because it provides for interest at the rate of two percent above prime and does not set an upper limit.

In his motion for summary judgment, Holstein asserted: (1) FDM's suit was barred by the four-year statute of limitations; and (2) FDM's suit was barred by the six-year federal statute because FDM did not take steps for issuance and process until June 18, 1993. In its response to Holstein's motion for summary judgment, FDM asserted: (1) the federal six-year statute of limitations applies; (2) the suit is not barred by its failure to obtain service of process because it obtained service within three months of filing suit.

## I.

## Statute of Limitations

In point of error one, Holstein argues the trial court erred in denying his motion for summary judgment. In point of error two, Holstein argues the trial court erred in granting FDM's motion for summary judgment.

For summary judgment to be proper, the movant must be entitled to judgment as a matter of law, and there must be no issues of material fact. *Nixon v. Mr. Property Mmgt., Co.,* 690 S.W.2d 546, 548–49 (Tex.1985); *Mobil Oil Corp. v. Texas Commerce Bank–Airline,* 813 S.W.2d 607, 608 (Tex.App.—Houston [1st Dist.] 1991, no writ). On review, we must consider the evidence in the light most favorable to the non-movant, resolve all doubts and indulge all inferences in its favor. *Nixon,* 690 S.W.2d at 549; *Palla v. McDonald,* 877 S.W.2d 472, 474 (Tex.App.—Houston [1st Dist.] 1994, no writ); *Mobil,* 813 S.W.2d at 608. When both parties move for summary judgment, as here, each party must carry its own burden as the movant and, in response to the other party's motion, as the non-movant. *James v. Hitchcock ISD,* 742 S.W.2d 701, 703 (Tex. App.—Houston [1st Dist.] 1987, writ denied).

As we review each of the motions for summary judgment, we must indulge all reasonable inferences and resolve all doubts in favor of the non-movant. *University of Tex. Health Science Ctr. v. Big Train Carpet, Inc.*, 739 S.W.2d 792, 792 (Tex.1987). When a summary judgment does not specify the ground upon which the trial court granted it, the reviewing court will affirm the judgment if any of the theories advanced in the motion are meritorious. *Carr v. Brasher*, 776 S.W.2d 567, 569 (Tex.1989).

### A.

### Six or Four Year Statute

■ The first question is which statute of limitation applies, the federal or the state statute? The state statute is four years, the federal statute is six. The Texas Supreme Court has held that the FDIC's successors are entitled to the benefits of the statute of limitations under 12 U.S.C. § 1821(d)(14). *Jackson v. Thweatt*, 883 S.W.2d 171, 174 (Tex.1994); *see also Cadle Co. v. Matheson*, 870 S.W.2d 548, 550 (Tex.App.—Houston [1st Dist.] 1994, writ denied). The federal statute states the longer of either the federal or state statute of limitations should apply in this kind of case.

Section 1821(d)(14)(A) provides:
(14) Statute of limitations for actions brought by conservator or receiver.
(A) In general. Notwithstanding any provision of any contract, the applicable statute of limitations with regard to any action brought by the Corporation as conservator or receiver shall be—
(i) in the case of any contract claim, the longer of—
(I) the 6–year period beginning on the date the claim accrues; or
(II) the period applicable under State law.

12 U.S.C. § 1821(d)(14)(A) (1994).

In *Cadle Company*, the assignee of two promissory notes from the FDIC filed suit to collect on the debts, contending that the six-year federal statute of limitations applied. *Id.* 870 S.W.2d at 548. We held the federal statute of limitations applied because the as-

signee stepped into the shoes of the FDIC under common law doctrine which transfers all rights, title and interest of an assignor to an assignee. *Id.* at 550. The Supreme Court in *Jackson* agreed. In *Jackson*, the court held that while the federal statute of limitations alone might not vest any rights in transferees of the FDIC, the statute combined with the common law of assignment does. 883 S.W.2d at 175.

■ In this case, the FDIC was appointed as receiver on April 9, 1987. FDM filed suit on April 6, 1993, three days before the statute of limitations deadline. The limitations period runs from the appointment of the FDIC as receiver of the failed institution. *Jackson*, 883 S.W.2d at 178.

We follow *Jackson* and *Cadle Company* and hold that the federal six-year statute of limitations applies in this case.

### B.

### Due Diligence in Service

■ The second question is whether FDM exercised due diligence in securing service of process. There are two issues here: whether the trial court erred in granting FDM's motion for summary judgment and whether it erred in denying Holstein's motion for summary judgment.

In Holstein's response to FDM's motion for summary judgment and in his own motion for summary judgment, he asserted the statute of limitations expired because there was a two-month delay in securing a court order for a private process server to serve Holstein with process. Holstein argued the two-month delay showed a lack of diligence on the part of FDM in securing service thus entitling him (Holstein) to his limitations defense. FDM answered by filing a response and additional summary judgment evidence on the issue of due diligence.

■ The Texas Supreme Court has stated that to "bring suit" within the limitations period, a plaintiff must not only file suit within the applicable limitations period, but must also use diligence to have the defendant served with process. *Gant v. DeLeon*, 786 S.W.2d 259, 260 (Tex.1990); *see Zale Corp. v.*

*Rosenbaum,* 520 S.W.2d 889, 890 (Tex.1975); *In re M.J.Z.,* 874 S.W.2d 724, 728 (Tex. App.—Houston [1st Dist.] 1994, no writ); *Butler v. Ross,* 836 S.W.2d 833, 835 (Tex. App.—Houston [1st Dist.] 1992, no writ). "Due diligence" is tested by whether the plaintiff acted as an ordinary prudent person would act under the same circumstances, and whether the plaintiff acted diligently up until the time the defendant was served. *M.J.Z.,* 874 S.W.2d at 728.

When a plaintiff files its petition within the limitations period but does not serve the defendant until after the period expires, the filing of a lawsuit alone does not interrupt the running of limitations. *Murray v. San Jacinto Agency, Inc.,* 800 S.W.2d 826, 830 (Tex.1990); *Martinez v. Wilson,* 605 S.W.2d 349, 350 (Tex.App.—Houston [1st Dist.] 1980, no writ). The plaintiff must exercise due diligence in the issuance and service of citation. *Murray,* 800 S.W.2d at 830; *Gant,* 786 S.W.2d at 260; *Martinez,* 605 S.W.2d at 350.

When a plaintiff moves for summary judgment on its cause of action, the defendant may respond by raising the affirmative defense of limitations. When a defendant raises limitations as an affirmative defense against the plaintiff's cause of action, it is not required to prove its defense as a matter of law to defeat the plaintiff's summary judgment; it is simply required to raise a fact issue about its defense. *See Brownlee v. Brownlee,* 665 S.W.2d 111, 112 (Tex.1984) (affirmative defense of modification). Here, the defendant raised the issue of limitations by showing that process was served after the limitations period, and without due diligence.

When a defendant moves for summary judgment on the defense of limitations, the burden is on the defendant to establish it is entitled to the defense of limitations as a matter of law. *Gant,* 786 S.W.2d at 260; *Zale Corp.,* 520 S.W.2d at 891; *Palla,* 877 S.W.2d at 474; *Liggett v. Blocher,* 849 S.W.2d 846, 850 (Tex.App.—Houston [1st Dist.] 1993, no writ). When the issue of diligence is raised, the defendant must show that, as a matter of law, the plaintiff was not diligent in securing service. *See Burns v.*

*Thomas,* 786 S.W.2d 266, 267 (Tex.1990) (defendant must prove plaintiff's lack of diligence in discovering the cause of action); *Hodge v. Smith,* 856 S.W.2d 212, 215 (Tex. App.—Houston [1st Dist.] 1993, writ denied).

When a defendant such as Holstein moves for summary judgment on limitations, it must prove all the elements of limitations, including lack of due diligence, as a matter of law, leaving no issues of material fact. *See City of Lancaster v. Chambers,* 883 S.W.2d 650, 653 (Tex.1994) (each element of defense of official immunity must be conclusively established by summary judgment movant); *Kassen v. Hatley,* 887 S.W.2d 4, 8 (Tex.1994) (burden is on the movant to establish conclusively each element of the defense). Pleadings alone do not establish the defendant's limitation defense. *See Zale Corp.,* 520 S.W.2d at 891.

In summary, as the non-movant to FDM's motion for summary judgment, Holstein was only required to raise a fact issue on its affirmative defense of lack of diligence; as the movant on his own motion for summary judgment, Holstein was required to prove the existence of limitations as a matter of law.

When both parties move for summary judgment, we can review both orders, the one that granted the motion for summary judgment as well as the one that denied the motion for summary judgment. *James,* 742 S.W.2d at 703. Each party has the burden to clearly prove its right to judgment as a matter of law, and neither may prevail simply because the other failed to discharge its burden. *Id.* Because both parties moved for summary judgment, we consider all the evidence on both motions. *Rose v. Baker & Botts,* 816 S.W.2d 805, 810 (Tex.App.—Houston [1st Dist.] 1991, writ denied).

First, we consider the denial of Holstein's motion for summary judgment on the issue of lack of due diligence. Holstein did not offer any summary judgment evidence showing FDM's lack of due diligence in service and did not attempt to rebut FDM's evidence. The issue of due diligence can be determined in the defendant's favor as a matter of law if the plaintiff provides no valid excuse for its failure to timely serve process.

*Gant,* 786 S.W.2d at 260; *Hodge,* 856 S.W.2d at 215. When the plaintiff offers a valid excuse, the plaintiff raises a fact question which will defeat the defendant's motion for summary judgment. *See Hodge,* 856 S.W.2d at 215. Because FDM offered proof of an excuse, Holstein was not entitled to a summary judgment based on his pleadings of statute of limitations unless FDM's proof established lack of diligence in service as a matter of law. We find it did not and accordingly overrule Holstein's point of error challenging the trial court's denial of his motion for summary judgment.

▆ Next, we consider the trial court's summary judgment for FDM and Holstein's response to the motion on the issue of lack of due diligence in service. The dates relating to service are: FDM filed suit against Holstein on April 6, 1993, the statute of limitations ran on April 9, 1993, and Holstein was served on July 7, 1993, three months after the six-year limitation period ran.

FDM filed sworn proof to explain the reasons for a delay in service which established the following. On April 19, FDM received the file-marked copy of the petition, and with citation prepared for service. Because the Harris County district clerk listed the wrong address for FDM's counsel, counsel for FDM made repeated telephone calls to the clerk's office. On April 29, counsel wrote the clerk's office and requested correction of the citation. In early May, the clerk's office returned the citation but the error had not been corrected. On May 14, counsel wrote the clerk's office and returned the citations for correction. On June 4, FDM obtained the corrected citation and immediately forwarded it to the private process server. FDM instructed the private process server to hold the citation until it could get a rule 103

order permitting service by private process. On June 29, the court signed the order permitting service by the private process server. During the second week in July, FDM received notice that the court signed the order and immediately faxed a copy of the notice to the private process server. On July 7, the private process server served Holstein.

Attached to FDM's response is an affidavit of its attorney, Alan Hunn, which details his efforts at obtaining proper citation and service of process, and letters to the court supporting those efforts. Also attached is an affidavit of Nicola Merrett, a paralegal for FDM, who wrote several of the letters and motions to the court concerning the citation. Holstein challenged none of FDM's factual assertions regarding diligence and offered no further proof on the issue.

Holstein's response did not defeat FDM's motion for summary judgment on the issue of lack of diligence for two reasons. First, Holstein merely raised the issue of due diligence in its response; it did not produce any evidence on the issue of diligence. Second, FDM's uncontroverted facts provided a reasonable explanation as a matter of law for the three-month delay in the service of process. FDM established its diligence in service by showing the short period between the filing of the suit and the request for citation. Further, FDM provided uncontroverted proof the delay in the service of process following the filing of the suit and the issuance of the citation was caused by errors in the clerk's office. *See Hodge,* 856 S.W.2d at 215 (delay of 27 months did not show, as a matter of law, lack of due diligence).

We find the trial court did not err in granting FDM's motion, and did not err in denying Holstein's motion.[1]

---

1. Texas courts have consistently held that the absence of due diligence may be proved as a matter of law in a summary judgment proceeding. Most of these cases involved unexplained lapses of time. *See, e.g., Gant,* 786 S.W.2d at 260 (unexplained delay of three periods totaling 38 months); *Gonzalez v. Phoenix Frozen Foods, Inc.,* 884 S.W.2d 587, 589–90 (Tex.App.—Corpus Christi 1994, no writ) (did not request citation for three years); *Cooke v. Maxam Tool & Supply, Inc.,* 854 S.W.2d 136, 140 (Tex.App.—Houston [1st Dist.] 1993, writ denied) (lapse of six months before requesting service); *Newman v. Broadus,*

847 S.W.2d 249, 251 (Tex.App.—Corpus Christi 1992, writ ref'd) (citation requested after suit filed but not served; three year delay in serving); *Eichel v. Ullah,* 831 S.W.2d 42, 44 (Tex.App.—El Paso 1992, no writ) (three months delay in requesting citation; service not achieved until more than one year after suit filed); *Bado Equip. Co. v. Bethlehem Steel Corp.,* 814 S.W.2d 464, 470 (Tex.App.—Houston [14th Dist.] 1991, writ ref'd) (more than two year delay in service); *Allen v. Bentley Laboratories, Inc.,* 538 S.W.2d 857, 860 (Tex.App.—San Antonio 1976, writ ref'd

We overrule Holstein's points of error one and two.

## II.

### Visiting judge

 In point of error three, Holstein contends the trial court erred in failing to notify the parties that the motions for summary judgment would be ruled upon by a visiting judge. Holstein asserts that the language of the TEX. GOV'T CODE § 74.053(a) (Vernon Supp.1995) is mandatory and requires notice to each party when a visiting judge has been assigned.[2]

Holstein alleges in his brief that both parties requested that their motions for summary judgment be resolved on submission, without oral argument. Months after the motions were filed, a visiting judge granted one motion and denied the other. Holstein says in his brief that he was not informed of the appointment of the visiting judge.

To preserve his error for appellate review, Holstein should have objected to the visiting judge before the motion for summary judgment was resolved (if he was informed of the appointment of the visiting judge); if he was not informed of the appointment, Holstein should have filed a motion for new trial objecting to the appointment of the visiting judge. He did neither. TEX.R.APP.P. 52(a). We overrule point of error three because Holstein did not object and, therefore, waived any complaint he had against the visiting judge.

We affirm.

---

n.r.e.) (six months between filing and service); (seven and two-thirds months between expiration of first citation and issuance of second citation); *see also Rigo Mfg. Co. v. Thomas,* 458 S.W.2d 180, 182 (Tex.1970) (court sustained "plea in bar"; there was a 17½ months gap between filing and service). In this case, there is no unexplained lapse between filing and issuance of citation and issuance of citation and service on the defendant. If a defendant can prove lack of due diligence as a matter of law by the lapse of unexplained periods, the plaintiff can prove due diligence by showing there was no unexplained lapse of time.

2. If time permits and it is practical to do so, the presiding judge of the administrative region must give the parties notice of the assignment of a visiting judge. Notice before the first hearing is not, however, mandatory. *Money v. Jones,* 766 S.W.2d 307, 308 (Tex.App.—Dallas 1989, writ denied).