CV5-079 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-95-00079-CV







Jane Matyastik Vorwerk, Appellant



v.



Christopher M. Gunter, P.C., Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 53RD JUDICIAL DISTRICT


NO. 94-00530, HONORABLE PAUL R. DAVIS, JR., JUDGE PRESIDING







PER CURIAM


 Jane Matyastik Vorwerk appeals from a summary judgment granted in appellee
Christopher M. Gunter's favor in Vorwerk's legal malpractice action against him. We will affirm
the trial-court judgment.



The Controversy


 Judge Charles Lance, 20th District Court, Milam County, filed a grievance against
Vorwerk. The grievance was forwarded to an investigatory panel of the Williamson County
District Grievance Committee. (1) Vorwerk retained Gunter to represent her at a hearing before the
investigatory panel, which occurred on January 16, 1992. The panel found cause for the
grievance and offered to negotiate a private reprimand as a sanction. Gunter communicated this
outcome to Vorwerk on January 17, 1992. The negotiations ultimately failed, resulting in a trial
de novo in district court.

 On January 14, 1994, Vorwerk filed suit against Gunter complaining of Gunter's
representation of her at the January 1992 hearing before the investigatory panel. However,
Vorwerk did not successfully serve Gunter until August 31, 1994. Gunter moved for summary
judgment on the ground that the statute of limitations barred Vorwerk's claim. The court granted
Gunter's motion for summary judgment. In one point of error, Vorwerk contends that the court
erred in granting summary judgment for Gunter because (1) she did not discover her injury or,
alternatively, the statute of limitations was tolled, until a later date than that asserted by Gunter;
(2) even assuming the date asserted by Gunter was correct, she timely filed suit and exercised
diligence in serving appellee with citation.



Summary Judgment


 On review of a summary judgment, the movant for summary judgment has the
burden to show that there is no genuine issue of material fact and it is entitled to summary
judgment as a matter of law. Nixon v. Mr. Property Management Co., Inc., 690 S.W.2d 546,
548-49 (Tex. 1985). The dispositive issue is not whether the summary judgment proof raises fact
issues, but whether the summary judgment proof establishes as a matter of law that there is no
genuine issue of material fact. See Gibbs v. General Motors Corp., 450 S.W.2d 827, 828 (Tex.
1970). In a summary judgment proceeding, the non-movant must, in a written answer or response
to the motion, expressly present to the trial court those issues that would defeat the movant's right
to a summary judgment and failing to do so may not later assign them as error on appeal. City
of Houston v. Clear Creek Basin Auth., 589 S.W.2d 671, 679 (Tex. 1979).

 When a defendant moves for summary judgment based on the affirmative defense
of limitations, he assumes the burden of showing as a matter of law that the statute of limitations
bars the suit. Rogers v. Ricane Enter., Inc., 772 S.W.2d 76, 80-81 (Tex. 1989). A defendant-movant must prove when the cause of action accrued and must negate the discovery rule if pled. 
Burns v. Thomas, 786 S.W.2d 266, 267 (Tex. 1990).



Statute of Limitations


Accrual of Cause of Action

 On appeal, (2) Vorwerk contends that, under the rule of Hughes v. Mahaney &
Higgins, 821 S.W.2d 154, 157 (Tex. 1991), the statute of limitations was tolled on her
malpractice claim against Gunter until all appeals on the "underlying litigation" from which the
malpractice claim arose were exhausted. However, in contrast to Hughes, there is no "underlying
litigation" and no appeal in this cause.

 Vorwerk's original petition in her malpractice suit states that as a result of Gunter's
negligence, she "had to defend herself in a lawsuit with the State Bar of Texas. . . . Had
defendant exercised proper care and diligence, plaintiff would not have had to go to court with
the State Bar of Texas and defend herself against allegations of misconduct." Vorwerk does not
allege that Gunter represented her in any proceeding other than the investigatory proceeding
before the Williamson County District Grievance Committee. Vorwerk does not dispute Gunter's
statement that he communicated the outcome of the hearing to her the next day, nor that she
proceeded to a trial de novo in district court rather than accept a negotiated sanction.

 The viability of Vorwerk's cause of action against Gunter for legal malpractice did
not depend on the outcome of any other litigation. Hughes, 821 S.W.2d at 157. A trial de novo
is not an appeal from the January 1992 hearing. There was no underlying litigation in which
Gunter represented her that could have led to the need to take an inconsistent position between an
underlying claim and a malpractice claim. Id. Vorwerk's complaint is that Gunter's actions at
the hearing caused the grievance process to continue beyond that one hearing. Therefore, her
cause of action accrued immediately after the hearing, because she was not cleared but rather
offered a sanction.

 A similar analysis applies to any contention that she did not discover she had a
cause of action against Gunter until some date later than the day after the hearing. When applied,
the discovery rule tolls the running of the statute of limitations until the plaintiff discovers, or
through the exercise of reasonable care and diligence should have discovered, the nature of the
injury. Moreno v. Sterling Drug, Inc., 787 S.W.2d 348, 351 (Tex. 1990); Willis v. Maverick,
760 S.W.2d 642, 644 (Tex. 1988). The potential plaintiff does not need to know the details of
the evidence by which to establish the cause of action; it is enough to know that a cause of action
exists. Citizens State Bank v. Shapiro, 575 S.W.2d 375, 385 (Tex. Civ. App.--Tyler 1978, writ
ref'd n.r.e.).

 Vorwerk does not dispute that she was present at the hearing and was aware of any
defenses to the grievance that Gunter raised or failed to raise at the hearing. (3) She was aware of
the unfavorable outcome of the hearing the next day. She was therefore on notice at that time that
she might have a cause of action based on Gunter's actions at the hearing.



Tolling by Filing Suit

 Vorwerk contends that the statute of limitations does not bar her suit because she
filed suit within the limitations period and used diligence in having citation issued and served. 
Zale Corp. v. Rosenbaum, 520 S.W.2d 889, 890 (Tex. 1975). We disagree.

 When a plaintiff files a petition within the limitations period but does not serve the
defendant until after the period expires, the filing of the lawsuit alone does not interrupt the
running of limitations. Murray v. San Jacinto Agency, Inc., 800 S.W.2d 826, 830 (Tex. 1990);
Martinez v. Wilson, 605 S.W.2d 349, 350 (Tex. Civ. App.--Eastland 1980, no writ). The plaintiff
must exercise due diligence in the service of citation. Murray, 800 at 830; Gant v. DeLeon, 786
S.W.2d 259, 269 (Tex. 1990).

 When a defendant affirmatively pleads the defense of limitations and shows a
failure to serve the defendant timely, the burden shifts to the plaintiff to explain the delay. Liles
v. Phillips, 677 S.W.2d 802, 809 (Tex. App.--Fort Worth 1984, writ ref'd n.r.e.). The existence
of diligence is usually a fact question, but if no excuse is offered for a delay in service, or if the
lapse of time and the plaintiff's acts conclusively negate diligence, a lack of diligence will be
found as a matter of law. Valdez v. Charles Orsinger Buick Co., 715 S.W.2d 126, 127 (Tex.
App.--Texarkana 1986, no writ); Liles, 677 S.W.2d at 802. Delays of less than the seven-and-one-half-month delay that occurred in this cause have been held not to be due diligence as a matter of
law. See, e.g., Buie v. Couch, 126 S.W.2d 565, 566-67 (Tex. Civ. App.--Waco 1939, writ ref'd)
(four and three-quarter months); Cooke v. Maxam, 854 S.W.2d 136, 140 (Tex. App.--Houston [1st
Dist.] 1993, writ denied) (six months); Hansler v. Mainka, 807 S.W.2d 3, 5 (Tex. App.--Corpus
Christi 1991, no writ) (five months); Allen v. Bentley Laboratories, Inc., 538 S.W.2d 857, 860
(Tex. Civ. App.--San Antonio 1976, writ ref'd n.r.e.) (six months).

 The duty to exercise diligence in procuring and issuing of citation is a continuing
one, extending until service is obtained. Perry v. Kroger Stores, Store No. 119, 741 S.W.2d 533,
535 (Tex. App.--Dallas 1987, no writ). Even if the first attempt is unsuccessful, the plaintiff is
obligated to continue her attempts until successful. Perry, 741 S.W.2d at 535-36.

 Vorwerk's response claims that she attempted service in January and February
1994, which does not explain the seven-and-one-half-month delay until August 31, 1994. 
Although Gunter was involved in a trial in Seguin until March 1, 1994, he swore in his affidavit
on motion for summary judgment that he was at his Austin office on the weekends and in contact
with his secretary, who knew his whereabouts. Further, Vorwerk delayed five months, until June
16, 1994, before even requesting alternative service. Vorwerk's actions demonstrate a lack of
diligence as a matter of law.

 We overrule Vorwerk's point of error and affirm the trial-court judgment.


Before Chief Justice Carroll, Justices Jones and B. A. Smith

Affirmed

Filed: December 6, 1995

Do Not Publish

1. [1]  Although Gunter cites the Texas Rules of Disciplinary Procedure, this proceeding was
initiated prior to the May 1, 1992, effective date of those rules. See Tex. R. Disciplinary P. 1.04;
State Bar of Texas v. Dolenz, 893 S.W.2d 113, 114 (Tex. App.--Dallas 1995, no writ). However,
neither side questions whether the correct grievance procedures were followed and the result in
this cause is not affected by whether the current or immediately preceding version of the rules
applies.
2. [2]  Vorwerk's response to Gunter's motion for summary judgment is cryptic. In that response,
she says "she did not have knowledge and disclosure" that she had been harmed until May 1992,
which appears to be an attempt to plead the discovery rule. On appeal, she contends that Hughes
applies to toll the statute of limitations until her appeals from the grievance litigation were
exhausted "in 1994." In an attempt to fairly interpret her response and point of error, we consider
the applicability of both Hughes and the discovery rule.
3. [3]  Judge Lance based his grievance on Vorwerk's failure to appear in his court in two criminal
cases. In her original petition, Vorwerk asserts that the District Court in Milam County had no
jurisdiction over one case because it was on appeal, and that the County Attorney in Milam
County had represented to her that the other case would not go to trial.


t

 Vorwerk contends that the statute of limitations does not bar her suit because she
filed suit within the limitations period and used diligence in having citation issued and served. 
Zale Corp. v. Rosenbaum, 520 S.W.2d 889, 890 (Tex. 1975). We disagree.

 When a plaintiff files a petition within the limitations period but does not serve the
defendant until after the period expires, the filing of the lawsuit alone does not interrupt the
running of limitations. Murray v. San Jacinto Agency, Inc., 800 S.W.2d 826, 830 (Tex. 1990);
Martinez v. Wilson, 605 S.W.2d 349, 350 (Tex. Civ. App.--Eastland 1980, no writ). The plaintiff
must exercise due diligence in the service of citation. Murray, 800 at 830; Gant v. DeLeon, 786
S.W.2d 259, 269 (Tex. 1990).

 When a defendant affirmatively pleads the defense of limitations and shows a
failure to serve the defendant timely, the burden shifts to the plaintiff to explain the delay. Liles
v. Phillips, 677 S.W.2d 802, 809 (Tex. App.--Fort Worth 1984, writ ref'd n.r.e.). The existence
of diligence is usually a fact question, but if no excuse is offered for a delay in service, or if the
lapse of time and the plaintiff's acts conclusively negate diligence, a lack of diligence will be
found as a matter of law. Valdez v. Charles Orsinger Buick Co., 715 S.W.2d 126, 127 (Tex.
App.--Texarkana 1986, no writ); Liles, 677 S.W.2d at 802. Delays of less than the seven-and-one-half-month delay