In The

Court of Appeals

For The

First District of Texas

____________


NO. 01-01-00021-CV

____________


CLIFFORD L. RAY, WILLIE J. RAY, ZELMA L. RAY, JOHN W.
POWELL, & SOCCORA POWELL, Appellants


V.


BIRDWELL CONSTRUCTION & PASADENA TANK CORPORATION,
Appellees






On Appeal from the 270th District Court

Harris County, Texas

Trial Court Cause No. 99-03278






O P I N I O N

 This is a suit for property damage caused by a release of water from a water
plant. The trial court granted appellees' motion for summary judgment, and
appellants appeal that order. We affirm.

Background


 Appellees, Birdwell Construction (Birdwell) and Pasadena Tank Corporation
(Pasadena), performed services on a City of Houston water plant. On or around
October 25, 1997, while Birdwell and Pasadena were working on the plant, a large
amount of water was released, which allegedly caused property damage to the homes
of appellants, Clifford Ray, Willie J. Ray, Zelma L. Ray, John W. Powell, & Soccora
Powell (Ray). On January 22, 1999, Ray filed suit against the City of Houston for
negligence. On October 8, 1999, Ray amended his petition and added Birdwell and
Pasadena as defendants. Birdwell was served on March 13, 2000, four months and
nineteen days after the statute of limitations had run. Pasadena was served on March
15, 2000, four months and twenty-one days after the statute of limitations had run. 

 On July 25, 2000, Birdwell and Pasadena filed a motion for summary judgment
based on the statute of limitations. On August 18, 2000, the trial court granted
Birdwell and Pasadena's motion for summary judgment. (1) 

 In one point of error, Ray argues that the trial court erred when it granted
Birdwell's motion for summary judgment because: (1) Birdwell did not meet its
burden of proof and (2) Ray raised genuine issues of fact about whether he exercised
due diligence in effecting service.

Summary Judgment


 When a defendant moves for summary judgment on an affirmative defense, he
must conclusively prove all the essential elements of his defense as a matter of law.
Montgomery v. Kennedy, 669 S.W.2d 309, 310-11 (Tex. 1984).

 In determining whether a disputed issue of material fact exists, thereby
precluding summary judgment, the court must review the proof in the light most
favorable to the non-movant by making all reasonable inferences and resolving all
doubts in favor of the non-movant. Nixon v. Mr. Property Management Co., 690
S.W.2d 546, 548-49 (Tex. 1985).

Service


 In his sole point of error, Ray argues that Birdwell did not satisfy his burden
of proof in the summary judgment proceedings, and that he raised genuine issues of
fact about due diligence.

 In order to "bring suit" within the applicable two-year limitations period, a
plaintiff must both file suit within the two-year period and use due diligence to have
the defendant served with process. Gant v. DeLeon, 786 S.W.2d 259, 260 (Tex.
1990). If the petition is filed within the limitations period, but the defendant is not
served until the statutory period has expired, the date of service relates back to the
date of filing, if the plaintiff exercises due diligence in obtaining service. Id. at
259-60. The party requesting service must ensure service is properly accomplished. 
Weaver v. E-Z Mart Stores, Inc., 942 S.W.2d 167, 168 (Tex. App.--Texarkana 1997,
no writ). 

 Birdwell moved for summary judgment based on its having been served beyond
the statute of limitations. In its motion, it noted that the cause of action accrued on
October 25, 1997. Ray filed suit against Birdwell on October 8, 1999, within the
two-year statute of limitations. Ray requested issuance of citation on January 20,
2000, and the clerk's office had the citation ready for pick-up on February 11, 2000.
Service was finally accomplished on March 10, 2000. Birdwell argued that the four-
and-a-half month delay between the expiration of the statute of limitations and service
entitled it to judgment as a matter of law. 

Due Diligence


 Because Birdwell was not served within the statute of limitations, the burden
shifted to Ray to raise a fact issue on Birdwell's affirmative defense of lack of
diligence. Holstein v. Federal Debt Management, Inc. 902 S.W.2d 31, 35 (Tex. App.
[1st Dist.] 1995, no writ). Due diligence requires that the plaintiff exercise "that
diligence to procure service which an ordinarily prudent person would have used
under the same or similar circumstances." Gonzalez v. Phoenix Frozen Foods, Inc.,
884 S.W.2d 587, 590 (Tex. App.--Corpus Christi 1994, no writ). It also requires that
the plaintiff diligently pursue service on the defendant. Hodge v. Smith, 856 S.W.2d
212, 215 (Tex. App.--Houston [1st Dist.] 1993, writ denied). Generally, the question
of diligence is a question of fact, but if no excuse is offered for a delay in the service
of citation, "or if the lapse of time and the plaintiff's acts are such as conclusively
negate diligence, a lack of diligence will be found as a matter of law." Webster v.
Thomas, 5 S.W.3d 287, 289 (Tex. App.--Houston [14th Dist.] 1999, no pet.). Due
diligence can be determined in the defendant's favor as a matter of law if the plaintiff
provides no valid excuse for its failure to timely serve process. Holstein, 902 S.W.2d
at 35-36 (emphasis added). 

 In Ray's response to Birdwell's motion for summary judgment, he gave three
reasons for the delay of service: (1) there were errors in the citation; (2) there was
uncertainty as to the proper party and registered agent of appellees; and (3) the delay
was partially caused by the clerk's office. We address these in turn. 

 a. Errors in Citation

 In his affidavit attached to the response to the motion for summary judgment,
Ray's counsel stated that he ordered citations from the clerk's office on October 25,
1999, and they were prepared on October 27, 1999. At some point, Ray determined
that the citations referred to the second amended petition instead of the third amended
petition. Therefore, Ray had to correct the citations to refer to the third amended
petition. The citations were ordered for the second time on January 20, 2000. 

 The evidence shows that the second and third amended petitions were both
filed on October 25, 1999. Even though both petitions were filed on the same day,
the citations were not corrected until January 20, 2000, nearly three months later. 
Thus, Ray could have requested citation on October 25, 1999, if not for his own
mistake. We conclude that Ray's failure to request issuance of citation after filing the
third amended petition was not a valid excuse. 

 b. Uncertain Identity of Birdwell or its Agent

 Ray's affidavit states that the delay in requesting citation occurred because
Ray's counsel had difficulty identifying Birdwell and its agent. Specifically, there
was confusion because there were various construction companies named Birdwell,
each with different agents. 

 However, in Ray's second amended petition, the following line is included:
"Defendant, Birdwell Construction, is a Texas company and may be served with
citation in care of Brad Birdwell, at 9720 Derrington, Houston, Texas 77064."
Birdwell's summary judgment evidence shows that this was the correct address and
the proper agent to serve. Thus, it is apparent that Ray had knowledge of the proper
party and its registered agent on October 25, 1999. We conclude that the evidence
offered by Ray does not amount to a valid excuse. 


 c. Delay by Clerk's Office

 Ray ordered citations on January 20, 2000, and the citations were ready on
February 11, 2000. Ray attributes this 22-day delay on printer problems at the clerk's
office. The next delay occurred because Ray did not pick up the citations until March
10, 2000. He attributes this 29-day delay on the clerk's office having trouble locating
the citations. 

 In Webster v. Thomas, the court was faced with a situation where service was
not obtained until four months and ten days after suit was filed. 5 S.W.3d 287, 290
(Tex. App.--Houston [14th Dist.] 1999, no pet.). In addressing whether due
diligence was used, the court stated that there was no summary judgment evidence to
show what counsel said to the clerk's office when he called to see if the citation was
ready. Id. Similarly, Ray has not presented summary judgment evidence which
shows whether he told the clerk that the case was old, to whom he spoke, or whether
he just asked to see if the papers were ready. This evidence does not raise a material
issue of fact regarding Ray's due diligence to serve Birdwell during this delay. 

 Ray has not proffered a valid excuse for the nearly three-month delay between
October 25, 1999 and January 20, 2000. Accordingly, we conclude that the trial court
properly granted Birdwell's summary judgment because Ray did not raise a material
issue of fact on whether he used due diligence in serving Birdwell. 

 We overrule Ray's sole point of error. 

Conclusion


 We affirm the judgment of the trial court. 

 

 Adele Hedges

 Justice


Panel consists of Chief Justice Schneider and Justices Hedges and Nuchia.

Do not publish. Tex. R. App. P. 47.4.
1. Ray's response to Birdwell and Pasadena's motion for summary judgment did
not address due diligence in serving Pasadena. Ray also does not appeal the
summary judgment in favor of Pasadena. Accordingly, this opinion addresses
Ray's appeal as to Birdwell only.