Opinion issued March 3, 2011.



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-10-00328-CV

———————————

David J. Davis, Appellant

V.

Nora Roberts, Appellee



 



 

On Appeal from the 189th District Court

Harris County, Texas



Trial Court Case No. 2007-73431

 



 

MEMORANDUM OPINION

          David
Davis appeals a summary judgment entered in favor of Nora Roberts.  

The trial court granted Roberts’s
summary judgment motion on limitations grounds, holding that Davis failed to
exercise reasonable diligence in obtaining service of process on Roberts.  Davis contends that the trial court erred in
granting Roberts’s motion because he raised a fact issue on the question of
diligence of service.  We agree that Davis
did not raise a fact issue as to diligence in effectuating service.  We therefore affirm. 

Background

          On
December 18, 2006, Davis and Roberts were involved in a car accident.  Davis filed suit about a year later, on
December 4, 2007, but did not serve Roberts with the citation until May 11,
2009, about five months after the statute of limitations had run.  See Tex. Civ. Prac. & Rem. Code Ann. § 16.003(a) (West Supp. 2005) (setting two-year statute of limitations period for
personal injury actions).    

          Six
months before Davis filed suit, in June 2007, Roberts moved from Seabrook,
Texas to an Oak Park Court address in Baton Rouge, Louisiana.  Roberts’s daughter, Karen Bailor, filed a
change of address form for her mother before leaving Seabrook and again shortly
after arriving in Baton Rouge.  The State
of Louisiana issued a driver’s license to Roberts on October 4, 2007.  The license states Robert’s Oak Park address
in Baton Rouge.  Before he filed suit,
Davis knew that Roberts had sold her home in Seabrook and moved.  He contacted the United States Postal Service
for a forwarding address.  He never
received a response.  

          In his
December 2007 suit, Davis
requested that Roberts be served “anywhere she could be found.”   By the
end of December, Davis located a
possible address for Roberts at a UPS Store private postal drop in Baton
Rouge.  Davis sent a citation to this
location on December 31, 2007.  It was
returned unsigned on January 30, 2008.   Over the next seven months, Davis and his
attorney made regular internet searches for information about Roberts’s
location, periodically called the UPS Store, and looked for a reasonably priced
private investigator to locate Roberts. 
At some point during this period, a representative at the store informed
his attorney that Roberts was using the postal drop.     

          More
than a year and a half later, on August 27, 2008, Davis ordered citation on the
Chairman of the Texas Transportation Commission, using the postal drop box to
which he previously had sent a citation.  Davis received a second returned citation on
January 27, 2009.  At some point, Davis
retained a private investigator.  In
early April 2009, the private investigator obtained the Oak Park address for
Roberts in Baton Rouge.  On April 17,
2009, Davis requested citation at the address. 
On May 11, 2009, about five months after the statute of limitations had
expired, Roberts was properly served.  

          Roberts
sought summary judgment on a statute of limitations affirmative defense,
arguing that Davis failed to exercise diligence in serving her after the
limitations period had run.  In response,
Davis argued that he had exercised diligence in attempting service.  

Discussion

Standard of Review

          We review de novo the
trial court’s ruling on a motion for summary judgment.  Mann Frankfort
Stein & Lipp Advisors, Inc. v. Fielding, 289 S.W.3d 844, 848 (Tex.
2009).  In a traditional motion for
summary judgment, the movant must establish that no genuine issue of material
fact exists and that the movant is entitled to judgment as a matter of
law.  Tex. R. Civ. P.
166a(c).  When a defendant moves for summary judgment, it must either
(1) disprove at least one essential element of the plaintiff's cause of action
or (2) plead and conclusively establish each essential element of its
affirmative defense, thereby defeating the plaintiff's cause of action.  Cathey v. Booth, 900 S.W.2d 339, 341 (Tex. 1995).  To determine
if the nonmovant raised a fact issue, we review the evidence in the light most
favorable to the nonmovant, crediting favorable evidence if reasonable jurors
could do so, and disregarding contrary evidence unless reasonable jurors could
not.  See Fielding, 289 S.W.3d at 848 (citing City of Keller v.
Wilson, 168 S.W.3d 802, 827 (Tex. 2005)).

 

 

Diligence in Service  

          If
a plaintiff files her petition within the limitations period, but obtains
service on the defendant outside of the limitations period, such service is valid
only if the plaintiff exercised diligence in procuring service.  Ashley v. Hawkins, 293 S.W.3d 175, 179 (Tex. 2009); see
also Proulx v. Wells, 235
S.W.3d 213, 215 (Tex. 2007) (explaining that “a timely filed suit will not
interrupt the running of limitations unless the plaintiff exercises due
diligence in the issuance and service of citation”). 
If a plaintiff diligently effects service after the expiration of the
statute of limitations, then the date of service relates back to the date of
filing.  Proulx, 235 S.W.3d at 215.  If a defendant affirmatively pleads the
defense of limitations and shows that service has occurred after the
limitations deadline, the burden shifts to the plaintiff to prove diligence.  Ashley, 293 S.W.3d at 179; Proulx, 235 S.W.3d at 216.  The
plaintiff then must present evidence regarding the efforts made to serve the
defendant and “explain every lapse in effort or period of delay.”  Proulx, 235 S.W.3d at 216.  

          The
issue is “whether the plaintiff acted as an ordinarily prudent person would
have acted under the same or similar circumstances and was diligent up until
the time the defendant was served.”  Ashley, 293 S.W.3d at 179 (citations
omitted).  Thus, the question of the
plaintiff’s diligence in obtaining service is generally one of fact to be
“determined by examining the time it took to secure citation, service, or both,
and the type of effort or lack of effort the plaintiff expended in procuring
service.”  Proulx, 235 S.W.3d at 216.  However, if “one or more lapses between
service efforts are unexplained or patently unreasonable,” then the record
demonstrates lack of diligence as a matter of law.  Id.  The reviewing court must
consider the overall effort expended over the lapse in service, and whether the
search ceased to be reasonable, especially when other methods of service were
available.  Ashley, 293 S.W.3d at
181 (citations omitted). 

            In Ashley, Ashley and Hawkins
were involved in an automobile accident, after which Ashley moved to California
without leaving a forwarding address.  Id. at 177.  Hawkins sued Ashley prior to the expiration
of the statute of limitations, but served her almost a year after the
limitations period had run.  Hawkins attempted
service twice, once in Texas and once in California, before she successfully
served Ashley.  Id.  Ashley maintained that
Hawkins failed to exercise diligence in serving her.  Id.  The Texas Supreme Court held that, as a
matter of law, Hawkins did not raise a fact issue as to her diligence because
an eight–month lapse between service efforts existed, during which time Hawkins
spent twenty hours searching for Ashley’s whereabouts on several internet
websites.  Id. at 180–81.

          In contrast
with Ashley, in Proulx, the Texas Supreme Court held that a plaintiff’s
thirty-seven attempts at five different addresses over the course of nine
months showed diligence sufficient to preclude summary judgment.  235 S.W.3d at 217.  After numerous unsuccessful attempts, the
plaintiff in Proulx sought substitute
service because it was clear the defendant was attempting to evade service by
repeatedly moving.  Id; see also Holstein v. Fed. Debt Mgmt. Inc., 902
S.W.2d 31, 36 (Tex. App.—Houston [1st Dist.] 1995, no writ) ( holding that
three–month delay in service did not show lack of diligence because clerk’s
error caused delay, and trial counsel for plaintiff sought to correct error
through repeated calls and letter to clerk’s office); Hodge v. Smith, 856 S.W.2d 212, 215–17 (Tex. App.—Houston [1st
Dist.] 1993, writ denied) (finding diligence was not lacking as matter of law
where plaintiff requested service by publication four months after suit was
filed and after counsel made two phone calls in attempt to locate defendant).  

          Here, the facts resemble those in Ashley, not Proulx.  The car accident
between Davis and Roberts occurred in December 2006.  Davis filed suit in December 2007, before the
expiration of the two–year limitations
period.  See Tex. Civ. Prac.
& Rem. Code Ann. § 16.003 (West Supp. 2009).  Davis did not, however, serve
Roberts with the citation until May 2009, almost five months after the statute
of limitations had run and a year and a half after he filed suit.  Thus, Davis had the burden to explain his
diligence in procuring service on Roberts. 
See Ashley, 293 S.W.3d at 179; Proulx, 235 S.W.3d at 216.

          Like the plaintiff in Ashley, Davis attempted service twice,
with lengthy periods of service inactivity, before he successfully served
her.  In late December 2007, Davis sent
citation to a UPS Store drop in Baton Rouge. 
In August 2008, he ordered citation on the Chairman of the Texas
Transportation Commission, using the same store drop.  Both citations were returned unsigned.  From the end of January 2008 until August
2008, about seven months, Davis made regular internet searches, repeatedly
called the UPS Store, and looked for a reasonably priced private investigator,
but made no attempts at service.  From
late August 2008 until late January 2009, about five months, Davis continued
searching for a private investigator and using internet sources while he waited
for service by the Texas Transportation Commission, at the same address, but
made no interim attempts at service.  Lastly,
from late January 2009 until April 2009, about three months, Davis continued to
search the internet while waiting for a report from a private
investigator.  The summary judgment
evidence does not denote the time spent conducting internet searches.   

          The Texas Supreme Court found in Ashley that twenty hours spent searching
the internet in between attempts at service did not raise a fact issue as to reasonable
diligence.  Here, we follow Ashley and conclude that Davis’s internet searches, intermittent phone calls to the
UPS Store, and search for an investigator are not enough to raise a fact issue
as to diligence during the three gaps in attempted service.  See Ashley, 293 S.W.3d
at 180–81.  Davis does not specify the amount of time, or
frequency with which, he searched for Roberts or a private investigator.  See
Webster v. Thomas, 5 S.W.3d 287, 290 (Tex. App.—Houston [14th Dist.] 1999,
no pet.) (holding that four–month delay in service amounted to lack of due
diligence because although plaintiff made some efforts at service they were not
persistent).  Also, he offers no
explanation how the phone calls to the UPS store, where he already sent a
fruitless citation, could have assisted him in locating Roberts.  See Carter v.
MacFadyen, 93 S.W.3d 307,
314–15 (Tex. App.—Houston [14th Dist.] 2002, pet. denied) (“A
flurry of ineffective activity does not constitute due diligence if easily
available and more effective alternatives are ignored.”).   Notably, Davis does not controvert the summary judgment
evidence that Roberts resided at the Oak Park address in Baton Rouge
continuously since before Davis filed suit, and that she used that address in
obtaining a Louisiana driver’s license in October 2007.  Nothing in the summary judgment evidence
reveals that the UPS store address was valid or that Roberts made any attempt
to avoid service.    

 

 

 

 

 

Conclusion

          We conclude that the trial court
properly ruled that the summary judgment evidence fails to raise a fact issue
as to reasonable diligence.  We therefore
affirm the judgment of the trial court.

 

 

 

                                                                   Jane
Bland

                                                                   Justice


 

Panel
consists of Chief Justice Radack and Justices Alcala and Bland.