Charles Davis BEAGO, Sr., et
al., Appellants,

v.

Patricia M. CERES, et al., Appellees.

No. 17871.

Court of Civil Appeals of Texas,
Houston (1st Dist.).

July 2, 1981.

Lawrence C. Hoff, Jr., Houston, for appellants.

Groom, Miglicco, Gibson, Bussell & Stewart, Thea M. Fabio, Houston, for appellees.

DOYLE, Justice.

This appeal results from a judgment granting the appellee the right to partition certain real property, a right arising from a property settlement in a divorce action.

These are the undisputed facts as stated in appellees' brief concerning the subject property:

Appellees, Plaintiffs below, are PATRICIA M. CERES (formerly Mrs. Charles Davis Beago, Sr.), her daughters, HELEN CHRISTINE (formerly Helen Christine Beago) and CYNTHIA DEAN SIMPSON (formerly Cynthia Dean Beago). Appellants, Defendants below, are CHARLES DAVIS BEAGO, SR. and CHARLES DAVIS BEAGO, JR. CHARLES DAVIS BEAGO, SR. answered and defended the lawsuit. CHARLES DAVIS BEAGO, JR. defaulted at trial.

The subject property was acquired during the marriage of Patricia M. Ceres and Charles Beago, Sr., the principal parties, and was held jointly by them.

On October 14, 1957, the principal parties were divorced. The decree of divorce incorporated into it a separation agreement which provided, in pertinent part: "PATRICIA BEAGO and CHARLES DAVIS BEAGO are to have title to their home at 1534 Wakefield St., Houston, Harris County, Texas, of the fair and reasonable value of $9,500.00. Mr. Beago to assume the outstanding balance and make payments of $70.00 a month. Mr. Beago is to maintain said premises and it will be rented with the proceeds to go to Mr. Beago. In the event of sale, the proceeds are to be split one third to Mr. Beago, one third to Mrs. Beago and one third to the children of said marriage."

Since the divorce, the house has been managed and rented by Mr. Beago, Sr. The monetary benefits derived from the rental were retained by Mr. Beago, Sr. alone. The mortgage was paid off in the late 1960's or early 1970's and the children have long passed the age of majority. Mr. Beago alone has claimed the depreciation on the house on his tax return.

Appellee testified that the parties intended to sell the house when the children reached majority age, but, when requested by Appellees, Appellant refused to sell the property. Consequently, this suit for partition by sale was filed.

Trial was before a jury. The sole issue presented to the jury for determination was the reasonableness of the time span of Charles Beago's possession of the property following the divorce. The jury's answer to the one special issue submitted was that a reasonable time had passed for appellant to possess and arrange for a sale of the subject property. Appellants filed a motion for new trial which was overruled. On appeal appellants present two points of error and appellee brings one counterpoint.

Appellants' two points of error, which we shall discuss jointly, complain of the insufficiency of the evidence to support the submission by the court and the finding by the jury "that a reasonable time for the defendant to possess and arrange for a sale of the subject property has passed."

■ It is uncontroverted that appellant and appellee were joint owners of the subject property. It is the statutory law of Texas that the right of a joint owner to partition property is absolute. Tex.Rev.Civ. Stat.Ann. art. 6082; Spires v. Hoover, 466 S.W.2d 344 (Tex.Civ.App. El Paso 1971, writ ref'd n.r.e.). This proposition of law is not disputed by either party.

■ Appellant argues that although the right of a joint owner to partition is absolute, this right can be waived or contracted away. He contends that appellee contracted away her right to partition by that portion of the separation agreement quoted in

the facts set out above. We have reviewed the record and find no evidence that appellee contracted away her right to partition. On the contrary there is evidence that appellee and appellant discussed delaying the sale of the home because "it would be of more value when the kids went to college, to sell it then." The record shows that no partition suit was filed until two of the children were in college.

■ It is a well established legal principle that after a determination that property is not susceptible to partition in kind, there must be a partition by sale. Tex.R.Civ.P. 770. The house involved in the case before us is not susceptible.

■ Although the absolute right to partition by the joint owners is statutory, the courts will not interfere with contracts between the joint owners not to partition. Here we have no written agreement by appellee to waive partition, nor can such agreement be implied since there is no evidence that a partition of the property would destroy the estate as appellant contends. *Warner v. Winn*, 191 S.W.2d 747 (Tex.Civ. App. San Antonio 1946, writ ref'd n.r.e.).

■ Appellant also contends that the duration of the separation agreement is perpetual. He states that the date when the jointly held property would be sold was not specifically expressed. Appellant points out that since the length of time was not specified, this contract was permanent and cites *Foster v. Wright*, 217 S.W. 1090 (Tex. Civ.App. Fort Worth 1919, no writ) as supporting this contention. The *Foster* case can be distinguished from the case at bar. It held that a contract which is not limited in duration by its express terms or its intrinsic nature will be permanent. The separation agreement in this case contemplates a sale of property and provides for distribution of proceeds in such event. The subject contract by its intrinsic nature clearly shows that it was of limited duration. Where the duration of a contract is not expressly prescribed, a reasonable time will be inferred. *Dauray v. Gaylord*, 402 S.W.2d 948 (Tex.Civ.App. Dallas 1966, writ ref'd

n.r.e.); *Houston County v. Landauer & Associates*, 424 S.W.2d 458 (Tex.Civ.App. Tyler 1968, writ ref'd n.r.e.). Where a contract does not fix a time for performance, what constitutes a reasonable time will depend on the circumstances of each case. In the case before us appellee attempted to partition the property after all the children were grown and 23 years after the separation agreement was incorporated into the divorce decree. The evidence adduced was sufficient to sustain the jury's findings that a reasonable time had passed. Appellant's points of error are overruled.

■ Appellee, in her counterpoint, argues that appellant has taken this appeal for reasons of delay and urges this court to assess a penalty pursuant to Tex.R.Civ.P. 435 and 438. Rule 438 gives this court the authority to make such an assessment based on a finding that the appeal is groundless, frivolous and for delay, only, and results in injury to appellee. *Blume v. Saucier*, 507 S.W.2d 827 (Tex.Civ.App. Houston [14th Dist.] 1974, writ ref'd n.r.e.). Before the imposition of a penalty, the record must clearly show that at the time the appeal was filed, the appellant had no reasonable ground to believe the judgment would be reversed. *Select Insurance Co. v. Patton*, 506 S.W.2d 677 (Tex.Civ.App. Amarillo 1974, writ ref'd n.r.e.).

■ Appellee testified without contradiction that she and appellant orally agreed to later sell the house to help the children with their education. Although the mortgage balance and community judgments had long been paid, appellant continued to collect the rentals on the house and enjoy a tax savings through depreciation. Except for maintenance, taxes and insurance, all the income was clear and used exclusively by appellant. Appellant stands to gain financially by delaying a final court determination on his appeal.

From the entire record before us and based upon the evidence, applicable law and points raised in appellant's brief, we find that appellant had no reasonable expectation that the trial court judgment would be reversed at the time he perfected his appeal

and that such appeal was groundless, frivolous and brought only for delay and caused injury to appellee. Appellee's counterpoint is sustained.

This court is authorized to require the appellant to pay 10% on the amount in dispute as damages, plus interest and costs of suit, when there has been a finding that an appeal or writ of error has been taken for delay and there was no sufficient cause for taking such appeal. Rule 438, T.R.C.P. There is testimony in the record that the value of the house at the time of trial was at least $40,000. Under the property settlement agreement, appellee would be entitled to one third of the net proceeds from the sale ordered by the partition judgment.

The judgment of the trial court is affirmed with penalty assessed against appellant in the sum of $1,000. All costs herein incurred are assessed against appellant.

EVANS and WARREN, JJ., also sitting.