**John A. McGUIRE, Appellant,**

v.

**POST OAK LANE TOWNHOME OWNERS ASSOCIATION PHASE II, Appellee.**

**No. 01–89–00870–CV.**

Court of Appeals of Texas, Houston (1st Dist.).

June 28, 1990.

Rehearing Denied Aug. 15, 1990.

John A. McGuire, pro se.

Joe S. Maida, Houston, for appellee.

Before SAM BASS, HUGHES and O'CONNOR, JJ.

## OPINION

O'CONNOR, Justice.

This is a suit against a homeowners' association. Plaintiff, John McGuire, appeals from a take-nothing judgment entered against him after a non-jury trial. Plaintiff represented himself in the trial court, and brings this appeal pro se. The record contains no statement of facts, findings of facts, or conclusions of law. We affirm.

Plaintiff owns a condominium and is a member of the Post Oak Townhome Owners Association, Phase II, the defendant. He filed suit alleging that the association's penalty for late payment of fees was arbitrary, capricious, and invalid. The association filed a counter-claim asking for damages, attorney's fees, interest and court costs. Plaintiff filed a motion for summary judgment. There is no order on plaintiff's motion.

After trial on the merits, the trial court entered judgment for the association, stating that plaintiff presented no evidence. The court awarded the association attorney's fees ($1,500 for the trial, $2,000 if plaintiff appealed to this court, and $2,000 if the supreme court granted writ of error), plus interest and costs of court.

On appeal, plaintiff asserts one point of error, better stated as two points of error. He asserts the trial court erred (1) in denying his motion for summary judgment, and (2) in awarding attorney's fees to the association.

## I. Denial of summary judgment

There is no order denying plaintiff's motion for summary judgment in the transcript. Even if the court had signed an order overruling plaintiff's motion for summary judgment, plaintiff could not appeal the order. An order overruling a motion for summary judgment is not an appealable order. *Novak v. Stevens*, 596 S.W.2d 848, 849 (Tex.1980). The only exception to that rule is when both parties file motions for summary judgment, and the court grants one and denies the other. *Jones v. Strauss*, 745 S.W.2d 898, 900 (Tex.1988). The association did not file a motion for summary judgment, so the exception does not apply. We overrule the first point of error.

## II. Attorney's fees

In two sentences, which comprise his entire argument, plaintiff contends the trial court erred in ordering him to pay the association's attorney's fees. Plaintiff contends there is no legal authority to award attorney's fees and cites an earlier appeal of *McGuire v. Post Oak Lane Townhome Owners Assn., Phase II*, No. 01–88–00813–CV, 1989 WL 91519 (Tex.App.—Houston [1st Dist.], August 17, 1989, writ denied) (unpublished).

In that appeal, Post Oak was plaintiff and John McGuire was defendant. The parties filed their pleadings in 1986. After judgment was rendered against him, McGuire appealed and challenged the award of attorney's fees to Post Oak. We

held there was no contractual or statutory provision for awarding attorney's fees, and reversed the portion of the trial court's judgment awarding attorney's fees.

Rule 13, Tex.R.Civ.P., was amended, effective January 1, 1988, to authorize sanctions for the filing of frivolous pleadings. The rule provides that attorneys and parties, by their signatures to the pleadings, certify that they have read them; and, that after reasonable inquiry, and to the best of their belief, the pleadings are not groundless and not brought either in bad faith or to harass. The trial court may impose sanctions available under rule 215(2)(b), Tex.R.Civ.P., for rule 13 violations. Rule 215 permits a court, under subsection (2)(b)(2), to enter an order charging any portion of the expense of taxable court costs against a disobedient party, and under subsection (2)(b)(8), to require a party to pay reasonable expenses, including attorney's fees.

In this suit, the association, by counterclaim alleged that plaintiff filed the suit in bad faith for the sole purpose of harassing the association; plaintiff was acting with malice; and plaintiff's suit was totally without merit. The association identified the earlier suit it filed against McGuire that resolved the same issues. The association stated that plaintiff's usury claim was the only new issue in his pleadings, and that issue had already been decided against him, citing the authority. The association asked for payment of its attorney's fees, costs, interest, and for exemplary damages.

The trial court's judgment recites that when the case was called for trial, the association presented evidence on its counterclaim. Without a statement of facts, plaintiff cannot successfully argue that the association did not prove it was entitled to attorney's fees under rule 13.[1] We hold that the association pled for attorney's fees under rule 13, and the trial court had the authority to award them.

## III. Frivolous appeal penalty

To review, plaintiff: (1) presented no evidence to the trial court when his case was called for trial; (2) did not request findings of fact and conclusions of law; (3) did not file a statement of facts with our court; (4) appealed a proposition of law that was well established against him; (5) did not appeal with proper points of error; and (6) did not appeal with sufficient arguments or citations of authority.

From time to time, appellate courts must act in self-defense. We do so today. Rule 84, Tex.R.App.P., states

> In civil cases where the court of appeals shall determine that appellant has taken an appeal for delay and without sufficient cause, then the court may ... award, as part of its judgment, each prevailing appellee an amount not to exceed ten times the total taxable costs as damages against such appellant.

Thus, if we determine that an appellant filed an appeal for delay and did not have reason to believe that the appeal had merit, we may assess a penalty. *Texas Employers' Ins. Ass'n v. Armstrong*, 774 S.W.2d 755, 756 (Tex.App.—Houston [1st Dist.] 1989, no writ). Before we will impose a penalty for a frivolous appeal, the record must clearly show that plaintiff had no reasonable expectation we would reverse the judgment, and appellant did not pursue the appeal in good faith. *Beago v. Ceres*, 619 S.W.2d 293, 295 (Tex.App.—Houston [1st Dist.] 1981, no writ).

When an appellant raises questions on appeal that are contrary to well-established principles of law, it is some indica-

---

1. On appeal, a party may challenge the trial court's award of rule 13 attorney's fees, as any other finding, with points of error challenging the sufficiency of the evidence. *See Cloughly v. NBC Bank*, 773 S.W.2d 652, 657 (Tex.App.—San Antonio 1989, writ denied). Here, plaintiff has no points of error that challenge the sufficiency of the evidence. Even if we were to interpret plaintiff's point of error as a challenge to the sufficiency of the evidence, without a statement of facts or findings of fact, we would presume that the judgment is supported by presumed findings, and the presumed findings are supported by the evidence. In such a case, because we presume the evidence supports the presumed findings, and the presumed findings support the judgment, we would overrule the second point of error.

tion the appeal is frivolous. *Stewart v. Texco Newspapers, Inc.*, 734 S.W.2d 175, 177 (Tex.App.—Houston [1st Dist.] 1987, no writ) (damages justified: appellant, who participated in proceedings below, filed a petition for writ of error, which precluded petition); *see also Page v. Cotton Construction Company*, 617 S.W.2d 723, 725 (Tex.App.—Houston [14th Dist.] 1981, no writ) (appeal frivolous: appellant raised questions about sufficiency of evidence, contrary to the record).

■ In all cases where we have awarded damages under rule 84, TEX.R.APP.P., we did so on a cross point by the appellee. Here, appellee has not raised the issue. We believe we have the authority to impose a penalty without a cross point. Rule 84 contemplates the courts of appeals may assess a penalty on their own initiative. The rule states in part:

A request for damages pursuant to this rule, or an imposition of such damages *without request* ...

TEX.R.APP.P. 84 (emphasis added). At least three courts of appeal have imposed a rule 84 penalty without a cross point. *Dolenz v. A.B.*, 742 S.W.2d 82, 86 (Tex.App.—Dallas 1987, writ denied); *In re Diggs*, 733 S.W.2d 681, 687 (Tex.App.—Amarillo 1987, writ denied); *Bullock v. Sage Energy Co.*, 728 S.W.2d 465, 469 (Tex.App.—Austin 1987, writ ref'd n.r.e.).

■ We will not permit spurious appeals, which unnecessarily burden our crowded docket, to go unpunished. *Dolenz v. A.B.*, 742 S.W.2d at 86. We assess a penalty against plaintiff in an amount equal to ten times the total taxable costs.