**MOBIL OIL CORPORATION, Appellant,**

v.

**TEXAS COMMERCE BANK–AIRLINE, Appellee.**

**No. 01–90–00923–CV.**

Court of Appeals of Texas, Houston (1st Dist.).

July 3, 1991.

Gary Michael Block, Houston, for appellant.

Bill Jones, Kenneth E. McKay, Houston, for appellee.

Before COHEN, WILSON and PRICE[1], JJ.

## OPINION

COHEN, Justice.

This is an appeal from a summary judgment in favor of Texas Commerce Bank–Airline ("TCB") and against Mobil Oil Corporation ("Mobil"). Mobil sued TCB and P.A. Luhm, alleging that Luhm wrongfully withdrew funds from a savings account assigned to Mobil, and that TCB wrongfully released those funds to Luhm. The court granted TCB's motion for summary judgment and denied Mobil's.

In 1970, Luhm entered a retail dealer contract with Mobil. In 1973, Luhm assigned his TCB savings account to Mobil, apparently as security for goods furnished on credit. TCB received notice of the assignment in January 1973.

The assignment provided the balance of the savings account would be returned to Luhm upon termination of the retail dealer contract, less any amount Luhm owed to Mobil. The retail dealer contract ended in May 1985; Luhm then owed Mobil $4,879.21. Mobil demanded payment from TCB in May 1985, and learned there was a zero balance. Luhm had previously attempted to withdraw $6,315.12 (the entire balance) on January 7, 1985, at which time TCB took $5,226 to offset Luhm's indebtedness to it and gave Luhm the rest. There was no evidence concerning the nature of Luhm's debt to TCB.

Mobil contends in its first point of error that there is insufficient evidence to support summary judgment, and, in its second point of error that, as a matter of law, the savings account was exclusively assigned to Mobil.

The summary judgment movant must show there is no genuine issue of material fact, and that the movant is entitled to judgment as a matter of law. *Nixon v. Mr. Property Management*, 690 S.W.2d 546, 548 (Tex.1985). In deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the non-movant will be taken as true. *Id.* at 548–49. Every reasonable inference must be indulged in favor of the nonmovant and any doubts resolved in its favor. *Id.* at 549. A summary judgment for a defendant disposing of the entire case is proper only if, as a matter of law, the plaintiff cannot succeed on any theories pleaded. *Havens v. Tomball Community Hosp.*, 793 S.W.2d 690, 691 (Tex.App.—Houston [1st Dist.] 1990, writ denied).

■ TCB produced the assignment and Luhm's withdrawal slip as summary judgment evidence. The assignment provides:

FOR VALUE RECEIVED, I, P.A. Luhm ... transfer and assign to MOBIL OIL CORPORATION ... that certain savings account No. 3–4758–2, in the name of the Assignor P.A. Luhm to the extent of the *total balance* thereof, and *all* moneys due or to become due thereunder.

Assignor warrants and represents that he has made no prior transfer or assignment of any part of said account and that the balance thereof is now at least Ten Dollars ($10.00).

Assignor has delivered to Assignee herewith the savings passbook issued in connection with said account.

Assignor hereby *irrevocably* authorizes Assignee to ask for, demand, collect and give a receipt for money in said savings account, without any previous demand or notice.

*Assignor agrees to do whatever Assignee may reasonably require to assure payment to Assignee, of the money in said account* provided further that *upon termination of that certain Retail Dealer Contract* then existing between Assignor and Assignee, the total balance hereof shall be returned to Assignor, less any monies due and owing to Assignee by Assignor.

(Emphasis added.)

TCB argues the language entitling Luhm to the money when the retail dealer con-

1. The Honorable Frank C. Price, former Justice, Court of Appeals, First District of Texas at Houston, sitting by assignment.

tract ended gave Luhm a continuing, concurrent right to the account, along with Mobil. Therefore, TCB contends it could setoff Luhm's debt to TCB against the savings account.

Assignment has a comprehensive meaning and signifies the transfer of property from one person to another. *University of Tex. Medical Branch v. Allan*, 777 S.W.2d 450, 452–53 (Tex.App.—Houston [14th Dist.] 1989, no writ). The assignor, after an unqualified assignment and notice to the obligor, generally loses all control over the property assigned and cannot defeat the assignee's rights. *Id.* Luhm assigned the entire account, including all monies due. He gave Mobil the passbook and irrevocably granted Mobil access to the funds. He promised to do "whatever" was necessary to assure that Mobil received the money. The only right Luhm had after the retail dealer contract ended was to money left after his debt to Mobil was paid. Under this assignment, Mobil could have seized the entire balance at any time. We conclude there was no concurrent ownership. Luhm had no continuing rights to the account and wrongfully withdrew the funds before the end of the retail dealer contract.

■ When a customer deposits funds with a bank, the bank impliedly agrees to disburse those funds only in accordance with the depositor's instructions. *La Sara Grain v. First Nat'l Bank of Mercedes*, 673 S.W.2d 558, 564 (Tex.1984). TCB knew of the assignment, but it both seized and disbursed the funds in violation of the assignment. TCB had no right to disregard the assignment and disburse the funds. *See id.*

■ When one person delivers money to another for a specific purpose, the person accepting the money becomes a trustee and the transaction becomes a trust. *Se-*

*curity State Bank v. Valley Wide Elec.*, 752 S.W.2d 661, 665 (Tex.App.—Corpus Christi 1988, writ denied). TCB held Luhm's money for Mobil's benefit. When a bank knows it holds funds for the benefit of someone other than its depositor, it cannot seize that money to pay itself. *Allied Bank West Loop v. C.B.D. & Assoc. Inc.*, 728 S.W.2d 49, 58 (Tex.App.—Houston [1st Dist.] 1987, writ ref'd n.r.e.). TCB wrongfully offset Luhm's debts against the savings account assigned to Mobil, and wrongfully returned the remainder to Luhm. *See id.* Thus, TCB was not entitled to summary judgment because the evidence did not establish that its right to the money was superior to Mobil's.

Mobil's first and second points of error are sustained.

Mobil contends in the third point of error the trial court erred by denying its motion for summary judgment.

■ TCB admits in its brief that there are no fact issues, and the sole issue is the interpretation of the assignment. TCB contends Mobil failed to provide competent summary judgment evidence. TCB specifically attacks the affidavit of B.F. Roach offered by Mobil.[2]

There is sufficient evidence to support summary judgment for Mobil. Both parties agree Luhm closed his savings account in January 1985, while the dealer contract was still in effect, and Mobil demanded the money in May 1985. TCB's business record shows the account contained $6315.12 when closed. Mobil alleges in its brief that Luhm and Mobil mutually terminated the retailer dealer contract in May 1985, and TCB has not challenged that assertion. We accept it as true. Tex. R.App.P. 74(f). Mobil was exclusively entitled to the money until its contract with Luhm ended. TCB seized and disbursed

---

2. TCB says Roach's affidavit violates the parol evidence rule, but does not say how. TCB says Roach's affidavit contains hearsay, but cites no particular part of the four-page affidavit. Nothing is presented for review. Tex.R.App.P. 74(f). TCB says Roach's testimony regarding Mobil's intent has no probative value because he was an interested witness. TCB did not object in the trial court to Roach's testimony about intent. It objected that because he was an interested witness, Roach's testimony could not be considered at all. Because the contention on appeal differs from the objection in the trial court, nothing is presented for review. Tex.R.App.P. 52(a). Moreover, the contention has no merit. Tex.R.Civ.P. 166a(c). Finally, Mobil's intent is irrelevant. The assignment controls.

the money before then, in violation of the assignment. There is no issue of material fact, and Mobil is entitled to judgment as a matter of law.

The third point of error is sustained.

The judgment of the trial court is reversed. Judgment is rendered that Mobil recover the following from TCB: 1) $6315.12, plus prejudgment interest at 6% per annum from June 20, 1985 (30 days after demand) and post-judgment interest at 10% per annum; 2) attorney's fees of $4105.04, with a credit to TCB of $1000 if TCB does not apply for writ of error to the Texas Supreme Court, or a credit of $500 if the Texas Supreme Court denies TCB's application for writ of error; and 3) all costs in all courts.