Wanda HILL, Appellant,

v.

Stephen PEREL and Stephen Perel
and Associates, Appellees.

No. 01–94–01076–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

Aug. 17, 1995.

Rehearing Overruled Feb. 1, 1996.

George R. Neely, Houston, for appellant.

Kenneth R. Breitbeil, Lauren L. Beck, Houston, for appellees.

Before OLIVER–PARROTT, and O'CONNOR and TAFT, JJ.

## OPINION

OLIVER–PARROTT, Chief Justice.

This is an appeal from the granting of a summary judgment in favor of the appellees, Stephen Perel and Stephen Perel and Associates (Perel). The appellant, Wanda Hill, sued Perel for malpractice for not filing a personal injury lawsuit within the State of California's one-year statute of limitations period. We affirm.

### Fact summary

On December 24, 1991, Hill, 69, slipped and fell in a restaurant located in San Francisco's International Airport. The next day, Hill flew home to Houston, where she was admitted into a hospital for a complete hip replacement. In February 1992, Hill hired Perel to represent her in a negligence lawsuit against Marriott Corporation and Host International, which owned the restaurant where Hill fell. On March 29, 1993, Perel returned Hill's files and withdrew from representation. In July 1993, Hill sued Perel for negligence, legal malpractice, breach of contract, and breach of fiduciary duties for not filing a negligence action against Marriott and Host in California within that state's one-year statute of limitations. Perel contends he notified Hill when he withdrew from representing her that she could still sue Marriott and Host in Texas under Texas' two-year statute of limitations. Hill never sued Marriott or Host in Texas.

### Perel's motion for summary judgment

In his motion for summary judgment, Perel contends that in order to prove legal malpractice, Hill had to show: (1) he breached the standard of care exercised by a reasonably prudent attorney, and (2) his acts or omissions were a proximate cause of injury or damage—that but for his breach of duty, Hill would have prevailed in the underlying suit. Perel asserts that because Hill could have filed suit in Texas after he withdrew from representing her, she was not precluded from obtaining a remedy for her injuries. Perel states that Host and Marriott are subject to Texas jurisdiction and Texas applies its own statutes of limitation even when the substantive law of another state governs. Perel contends that as a matter of law his services did not proximately cause injury or damage to Hill.

Attached to Perel's summary judgment are: (1) Hill's original petition, (2) the lease agreement between the San Francisco International Airport and Host International, (3) the Texas franchise tax public information report for Host International, (4) the certificate of authority for Host International to do business in Texas, (5) the certificate of authority for Marriott Corporation to do business in Texas, and (6) the affidavit of Stephen Perel. In a supplement to his motion for summary judgment, Perel attached excerpts from the depositions of Hill's expert—lawyer and former judge Richard Countiss—and Hill. Also attached is the affidavit of Martin S. Schexnayder, Perel's attorney.

In his affidavit, Perel contends the scope of his representation was to obtain compensation for her from the appropriate parties without filing suit. Perel stated that both

Marriott and Host were subject to Texas jurisdiction and that Hill had until December 24, 1993, to file suit in Texas. Perel stated he told Hill when he withdrew on March 29, 1993, that she had until December to file suit in Texas.

In his deposition, Countiss states that general jurisdiction exists in Texas over the Marriott Corporation and Host International. But, Countiss added that in his opinion, if the suit had been filed in Texas, it would have been dismissed for lack of jurisdiction because of the element of fair play and substantial justice. He contends that the five part-test to determine fair play and substantial justice is not met—(1) it is a burden on the defendant to litigate the dispute in Texas, (2) California has an interest in adjudicating the dispute, (3) Hill has an interest in obtaining convenient and efficient relief, (4) it is more efficient to resolve the controversy in California because that is where the witnesses are and the incident occurred, and (5) the shared interest of several states in furthering fundamental substantive social policies. Countiss stated that the only factor that links Texas to the case is the fact that Hill lives here.

### Hill's response to Perel's motion for summary judgment

In her amended response, Hill states: (1) the one-year California statute of limitations precludes the case from being filed in Texas since no case existed after December 24, 1992, (2) Texas courts have no jurisdiction since exercising such would not comport with fair play and substantial justice requirements, (3) the accident happened and all witnesses and other potential parties reside in California, (4) the expense to all parties of litigating in Texas would be unreasonable and no one could compel witnesses to come to Texas for discovery, so plaintiff would have to go to California to conduct discovery, anyway, (5) no cases cited by defendants filed against Host and/or Marriott involve accidents that happened outside of Texas, and (6) Perel agreed to represent Hill and to file a suit in California, as reflected in Hill's deposition.

Attached to the response is Countiss' affidavit, a copy of the California statute of limitations, Hill's affidavit, a copy of Hill's original petition, a copy of her medical bills, a copy of the employment contract between Hill and Perel, a letter from Perel to Marriott, asking for a $100,000 settlement of the claim, a handwritten letter from Perel to Hill stating he could not settle her claim, and the March 29, 1993, letter from Perel to Hill withdrawing as her attorney.

In his affidavit, Countiss stated that in his opinion Perel's handling of Hill's injury claims fell below the standard of care required by a board certified lawyer in the area of personal injury trial law. Countiss also stated that it is his opinion that in personam jurisdiction over Marriott and Host would not be possible in Texas because the tort did not occur within Texas and was not associated with any business activities of Marriott or Host within Texas. Countiss stated it was his opinion that the two-year statute of limitations could not be applied to Hill's claims because it would encourage forum shopping. Countiss added that it was his opinion that the negligent actions of Perel proximately caused the injury and damage to Hill because she could not pursue her personal injury claims against Marriott and Host.

In her affidavit, Hill stated that Perel told her he was certified in personal injury trial law and that he had the experience to represent her in her lawsuit against Marriott in California. Hill stated that all correspondence was directed to Marriott in California.

■ For summary judgment to be proper, the movant must be entitled to judgment as a matter of law, and there must be no issues of material fact. *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548–49 (Tex.1985); *Mobil Oil Corp. v. Texas Commerce Bank–Airline*, 813 S.W.2d 607, 608 (Tex.App.—Houston [1st Dist.] 1991, no writ). On review, we must consider the evidence in the light most favorable to the nonmovant, resolving all doubts and indulging all inferences in its favor. *Nixon*, 690 S.W.2d at 549; *Mobil*, 813 S.W.2d at 608. Once the movant has established a right to summary judgment, the burden shifts to the nonmovant, who must then respond and present any issues to the trial court that

would preclude summary judgment. *Soodeen v. Rychel,* 802 S.W.2d 361, 362 (Tex. App.—Houston [1st Dist.] 1990, writ denied).

■ When a summary judgment does not specify the ground upon which the trial court granted it, the reviewing court will affirm the judgment if any one of the theories advanced in the motion is meritorious. *Carr v. Brasher,* 776 S.W.2d 567, 569 (Tex.1989). In this case, the court's judgment did not state the grounds for its ruling.

### Jurisdiction

In her sole point of error, Hill contends the trial court committed error by granting Perel's motion for summary judgment. Hill asserts several points under her point of error: (1) the trial court committed error by granting Perel's motion for summary judgment, as the affidavit of Perel was fatally defective, (2) Section 340 of the California Code of Civil Procedure applied to Hill's personal injury action against Marriott and/or Host, and (3) the case of *Guardian Royal* precludes Texas jurisdiction. We consider each subpoint separately.

### 1. Was Perel's affidavit fatally defective?

■ Hill contends Perel's affidavit was fatally defective in that he did not state it was based on his personal knowledge and was true and correct. Hill contends Perel's affidavit did not meet the requirements of TEX. R.CIV.P. 166a(f), which states: "Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." We find Perel met these requirements in his affidavit—he stated he has personal knowledge of every statement contained in the affidavit and that his representation of Hill forms the basis of this suit.

### 2. Does the California statute of limitations apply to this action?

Hill contends that Perel agreed to file suit in California and thus that state's one-year statute of limitation applies. Hill stated in her affidavit that Perel told her he was certified in personal injury trial law and that he had the experience to represent her in her lawsuit against Marriott in California. Hill stated that all correspondence was directed to Marriott in California. Hill also asserts that even if Texas is a proper forum in which to try a personal injury action, the California statute of limitations must apply because California has the most significant relationship to the case.

■ We disagree. Questions of substantive law are controlled by the laws of the state where the cause of action arose, but matters of remedy and procedure are governed by the laws of the state where the action is sought to be maintained. *State of California v. Copus,* 158 Tex. 196, 309 S.W.2d 227, 230 (1958). The statute of limitations is a procedural issue. *Hollander v. Capon,* 853 S.W.2d 723, 727 (Tex.App.—Houston [1st Dist.] 1993, writ denied). Only when the very statute that created a right of action incorporates an express limitation upon the time within which the suit could be brought is the statute of limitations considered substantive. *Culpepper v. Daniel Indus., Inc.,* 500 S.W.2d 958, 959 (Tex.App.—Houston [1st Dist.] 1973, writ ref'd n.r.e.).

We find this state's two-year statute of limitations would have applied.

### 3. Does the case of Guardian Royal preclude Texas jurisdiction?

Hill contends Texas did not have jurisdiction over Marriott and Host because Hill's personal injury did not arise out of or relate to any of Marriott or Host's contacts with Texas. Perel asserts both Marriott and Host are subject to long-arm jurisdiction in Texas because they both do business here. Perel also contends he does not have to satisfy the fair play/substantial justice analysis under in personam jurisdiction because Host and Marriott are qualified to do business here.

■ Federal constitutional requirements of due process limit the power of the state to assert personal jurisdiction over a nonresident defendant. *Guardian Royal Exch. v. English China,* 815 S.W.2d 223, 226 (Tex.1991). The United States Supreme Court divides the due process requirements

into two parts: (1) whether the nonresident defendant has purposely established minimum contacts with the forum state; and (2) if so, whether the exercise of jurisdiction comports with fair play and substantial justice. *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 475–76, 105 S.Ct. 2174, 2183–84, 85 L.Ed.2d 528 (1985). Minimum contacts analysis is divided into specific and general jurisdiction. *Guardian Royal Exch.,* 815 S.W.2d at 227. General jurisdiction may be asserted when the cause of action does not arise from or relate to the nonresident defendant's purposeful conduct within the forum state but there are continuous and systematic contacts between the nonresident defendant and the forum state. *Id.* at 228.

Here, Marriott and Host are registered to do business in Texas and meet the minimum contacts part of the test. Out-of-state corporations that do business in Texas consent to jurisdiction for purposes of all lawsuits filed here. *Acacia Pipeline Corp. v. Champlin Exploration, Inc.,* 769 S.W.2d 719, 720 (Tex.App.—Houston [1st Dist.] 1989, no writ). Consent is a basis of jurisdiction in an in personam suit. *Id.*

The fair play and substantial justice analysis in *Guardian Royal Exchange* relied upon by Hill is not required here because Marriott and Host are registered to do business in Texas and have consented to suit.

### Perel's cross-point requesting sanctions

Perel requests this Court impose sanctions against Hill for bringing a patently frivolous appeal.

TEX.R.APP.P. 84 states:

In civil cases where the court of appeals shall determine that an appellant has taken an appeal for delay and without sufficient cause, then the court may, as part of its judgment, award each prevailing appellee an amount not to exceed ten percent of the amount of damages awarded to such appellee as damages against such appellant. If there is no amount awarded to the prevailing appellee as money damages then the court may award, as part of its judgment, each prevailing appellee an amount not to exceed ten times the total taxable costs as damages against such appellant.

When an appellant files an appeal for delay and has no reason to believe the appeal has merit, we may assess a penalty. *McGuire v. Post Oak Lane Townhome Owners Assoc.,* 794 S.W.2d 66, 68 (Tex. App.—Houston [1st Dist.] 1990, writ denied). Before we will impose a penalty for a frivolous appeal, the record must clearly show that at the time the appeal was filed, the appellant had no reasonable ground to believe the judgment would be reversed. *Beago v. Ceres,* 619 S.W.2d 293, 295 (Tex. App.—Houston [1st Dist.] 1981, no writ).

Perel contends that Hill allowed the limitations to expire on her personal injury claims by not filing in Texas even though she could have after he withdrew from representation. Perel asserts that Hill showed conscious indifference to settled authority in bringing this appeal and should be sanctioned.

In *Beago,* we assessed sanctions after finding the appellant stood to gain financially by delaying a final court determination of his appeal. 619 S.W.2d at 295. From a review of the case, we concluded the appellant had no reasonable expectation the trial court judgment would be reversed at the time he perfected the appeal and the appeal was groundless, frivolous, and brought only for delay, and caused injury to appellee. *Id.* at 295–96. In *McGuire,* we assessed sanctions against the appellant after finding he: (1) did not present any evidence to the trial court when his case was called for trial; (2) did not request findings of fact and conclusions of law; (3) did not file a statement of facts with our Court; (4) did not appeal with proper points of error; (5) did not appeal with sufficient arguments or citations of authority; and (6) appealed a proposition of law that was well-established against him. *McGuire,* 794 S.W.2d at 68. When an appellant raises questions on appeal that are contrary to well-established principles of law, it is some indication the appeal is frivolous. *Id.* at 68–69.

After considering the record before us and our caselaw, we decline to award sanctions in' this case. While this suit was brought con-

trary to established principles regarding jurisdiction, the record does not show Hill filed the appeal for delay.

We overrule Perel's cross-point and affirm.