IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 98-20583
Summary Calendar
_____

WAYNE T. ZIEGLER,

Plaintiff-Appellant,

v.

BANK OF AMERICA NATIONAL TRUST & SAVINGS ASSOCIATION,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Texas
(H-97-CV-1492)
_____

May 25, 1999

Before KING, Chief Judge, POLITZ and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Wayne T. Ziegler appeals from the district court's order granting the Bank of America's (Bank) motion to dismiss his diversity complaint on the res judicata grounds.

Ziegler has filed several lawsuits in California state courts containing allegations that are almost identical to those raised in his complaint in federal district court in Texas. To varying degrees, the instant lawsuit and the California complaints all

_____

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

allege that in the 1980s the Bank fraudulently depleted accounts that Ziegler maintained with the Bank at various California branches and that Bank employees sank his sailboat over disagreements about a loan Ziegler had with the Bank. The instant complaint, like some of Ziegler's California actions, also alleges that Ziegler's sour relationship with the Bank dates to his childhood in the 1950s, when mental-health employees, apparently in a conspiracy with the Bank, kidnapped a pet collie belonging to the then-seven-year-old Ziegler because Ziegler had publicly supported a mental patient who had allegedly been victimized by the Bank's loan practices.

This court can affirm the district court's dismissal on any ground fairly supported by the record. See Nagle v. Lee, 807 F.2d 435, 439 (5th Cir. 1987).

The district court's jurisdiction in this case was based on diversity of citizenship; we therefore must apply Texas law, including Texas statutes of limitations. See Vincent v. A.C. & S., Inc., 833 F.2d 553, 555 (5th Cir. 1987). Under Texas law, the statute of limitations is a procedural issue that is governed by the law of the state in which the claim is brought, in this case, Texas. See Hill v. Perel, 923 S.W.2d 636, 639 (Tex. App.--Houston [1st Dist.] 1995, no writ); Los Angeles Airways, Inc. v. Lummis, 603 S.W.2d 246, 248 (Tex. Civ. App.--Houston [14th Dist.] 1980). From the face of Ziegler's complaint it is clear that he had knowledge of the underlying facts giving rise to his claims in 1993. Thus, the statute of limitations has expired on each claim

2

under Texas law.  <u>See</u> TEX CIV. PRAC. & REM. CODE ANN. § 16.003 (setting forth two-year statute of limitations for claims based on fraud and taking of personal property of another).  The district court's judgment is AFFIRMED.  Ziegler's motion "to take judicial notice of applicable California statutes and cases" is DENIED as unnecessary.