**Affirmed and Memorandum Opinion filed April 18, 2024.**



**In The**

# Fourteenth Court of Appeals

---

### NO. 14-22-00908-CV

---

**KHISTINA DEJEAN, Appellant**

**V.**

**LEROY SPATES JR., Appellee**

---

**On Appeal from the 234th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2021-17685**

---

## MEMORANDUM OPINION

This is an appeal from an order for the sale by judicial partition of a single-family residential home (the "marital home"). *See* Uniform Partition of Heirs' Property Act, Tex. Prop. Code Ann. §§ 23A.001–.013 ("Act"). Appellee Leroy Spates Jr. filed a petition for partition of the marital home; the trial court ordered that the marital home be partitioned by sale and that Spates be reimbursed for his mortgage principal payments. In two issues on appeal, appellant Khistina Dejean argues that the trial court (1) erred by excluding evidence and (2) the

evidence is factually insufficient to support the trial court's judgment. We affirm the order of the trial court as challenged on appeal.

## I.   BACKGROUND

Following the death of his wife, Spates's marital home became subject to a seven-way cotenancy between wife's six children from a prior marriage and Spates. Dejean is one of the six children. A separate proceeding in a Harris County probate court determined that Spates retained his undivided one-half interest in the home and that each of the six children owned one-sixth of the deceased wife's undivided one-half interest.

As the surviving spouse, Spates had the exclusive right to possession of the marital home as his homestead for his lifetime. Following the death of his wife, Spates maintained the marital home—including mortgage, insurance premiums, property taxes, maintenance and upkeep costs, and other home improvements. The children, on the other hand, never contributed to any of these costs.

In February 2021, Dejean began occupying the marital home, changing the locks and denying Spates his exclusive right to possession. Spates filed an eviction proceeding against Dejean.

In March 2021, Spates filed a petition for partition of real property by judicial sale. In addition to seeking to sell the marital home, Spates also sought reimbursement from the remaining cotenant children for the mortgage principal payments he made in full after his wife died.

In November 2021, the trial court determined that the evidentiary value of an appraisal of the marital home was outweighed by the cost of the appraisal, and that the fair market value of the marital home, based on the evidence presented, was $176,909. *See* Act, Tex. Prop. Code Ann. § 23A.006(c).

2

In May 2022, the trial court ordered the clerk of the court to send notice to the children that it had determined the fair market value of the marital home. *Id.* The trial court also ordered the clerk to issue a notice to the children that each child had the right to buy Spates's interest in the home, and, if electing to do so, must send a notice of the child's election to purchase that interest within 45 days after the date of the notice. *See* Act, Tex. Prop. Code. Ann. § 23A.007(a), (b). In August 2022, the trial court ordered the clerk of the court to send notice to the children that none of the children had elected to purchase Spates's interest. Act, Tex. Prop. Code. Ann. § 23A.007(d)(3)(A). In December 2022, the trial court held a hearing on Spates's motion for sale by judicial partition. Dejean objected to the partition and asserted her right to live in the home indefinitely. The trial court issued a partition order, directing that the marital home be sold and the proceeds be distributed, with Spates receiving half of the proceeds and each of the six children receiving one-twelfth of the proceeds, minus $6,496.27 from each child's portion to be paid to Spates as reimbursement for his mortgage principal payments.

Dejean filed a timely notice of appeal challenging the partition order.

## II.    ANALYSIS

### A.    Exclusion of evidence

In her first issue, Dejean argues that the trial court erred in excluding critical evidence presented at the hearing in December 2022. However, without a reporter's record, an appellate court cannot review a trial court's decision for an abuse of discretion. *See Christiansen v. Prezelski*, 782 S.W.2d 842, 843 (Tex. 1990) ("The burden is on the appellant to see that a sufficient record is presented to show error requiring reversal."); *Sandoval v. Comm'n for Lawyer Discipline*, 25 S.W.3d 720, 722 (Tex. App.—Houston [14th Dist.] 2000, pet. denied) (observing

3

that when there is no reporter's record, appellate court must presume evidence presented was sufficient to support the trial court's judgment). We also note that Dejean does not clearly identify what the trial court excluded or why it was error to do so. *See Lundy v. Masson*, 260 S.W.3d 482, 503 (Tex. App.—Houston [14th Dist.] 2008, pet. denied) (stating that appellate court was "not required to do the job of the advocate").

Accordingly, we overrule Dejean's first issue.

## B.     Partition order

We construe Dejean's second and third issues as asserting that the trial court abused its discretion by issuing the partition order.[1]

"The rules of equity govern the trial court's partition of property." *Bowman v. Stephens*, 569 S.W.3d 210, 223 (Tex. App.—Houston [1st Dist.] 2018, no pet.). In matters of equity, we review the trial court's decision for an abuse of discretion. *See Wagner & Brown, Ltd. v. Sheppard*, 282 S.W.3d 419, 428–29 (Tex. 2008). A trial court abuses its discretion when it acts unreasonably or in an arbitrary manner without reference to guiding rules or principles. *See Samlowski v. Wooten*, 332 S.W.3d 404, 410 (Tex. 2011).

Under an abuse-of-discretion standard, legal and factual sufficiency are not independent grounds for reversal, they are simply relevant factors in determining if the trial court abused its discretion. *See Beaumont Bank, N.A. v. Buller*, 806 S.W.2d 223, 226 (Tex. 1991). When an appealing party attacks the factual

---

[1] In her second issue, Dejean argues, "There factually is not sufficient evidence to support [the] judgment of the trial court." *See Bowman v. Stephens*, 569 S.W.3d 210, 223 (Tex. App.—Houston [1st Dist.] 2018, no pet.).

In her third issue, Dejean states: "Why was I taken out of a home that is the property of Velma Caldwell Spates 6 children[.] I Khistina Dejean said I wanted it move in paid taxes [sic] Why haven't police given me a detective for my assault[?]"

sufficiency of an adverse finding on an issue on which it did not have the burden of proof, that party must demonstrate the finding is so contrary to the overwhelming weight of the evidence as to be clearly wrong and manifestly unjust. *See Croucher v. Croucher*, 660 S.W.2d 55, 58 (Tex. 1983). In a factual-sufficiency challenge, all the evidence in the record, both for and against the finding, is reviewed. *See id.*

The Act provides a process by which heirs can either force partition in kind or effectuate the buyout of undivided interests in inherited property. "The right to partition is absolute." *See Carter v. Charles*, 853 S.W.2d 667, 671 (Tex. App.— Houston [14th Dist.] 1993, no writ).

The law will not force a reluctant joint owner of real property to maintain a joint ownership. *Bowman*, 569 S.W.3d at 220. Instead, joint owners of real property "may compel a partition of the interest or the property among the joint owners." Tex. Prop. Code Ann. § 23.001. Partitions may be in kind (the property is divided into separate parcels and each parcel is allotted to a separate owner) or by sale (the property is sold and sale proceeds are divided among the owners). *Bowman*, 569 S.W.3d at 220. Texas law favors partition in kind over partition by sale. *Id.*

The threshold question in a partition suit is whether the property is "susceptible of partition" in kind, or if it is "incapable of partition" in kind because a "fair and equitable division" cannot be made. *See* Tex. R. Civ. P. 761, 770. Texas courts have found that single-family homes, like the marital home in the present case, are not susceptible to partition in kind. *See Beago v. Ceres*, 619 S.W.2d 293, 295 (Tex. App.—Houston [1st Dist.] 1981, no writ); *see also Rough v. Rough*, No. 05-90-00843-CV, 1991 WL 97521, at *4 (Tex. App.—Dallas June 4, 1991, writ denied) (not designated for publication) (observing that "a single family home is generally not suitable for partition in kind"). The fact that Dejean was living at the

marital home does not defeat Spates's right to partition the home. *See Grant v. Clouser*, 287 S.W.3d 914, 920 (Tex. App.—Houston [14th Dist.] 2009, no pet.) ("The general rule is that homestead rights attaching to property interests held by a cotenant are subordinate to another cotenant's right to partition."). Therefore, the trial court did not err by partitioning the marital home by sale.

If the trial court determines property is not susceptible to partition in kind, then the trial court must order partition by sale. Tex. R. Civ. P. 770. "[I]if no cotenant elects to buy all the interests of the cotenant that requested partition by sale, the court shall: (A) send notice to all the parties of that fact; and (B) resolve the partition action under Section 23A.008(a) or (b)." Act, Tex. Prop. Code Ann. § 23A.007(d)(3). The trial court properly followed these steps.

"On partition, a cotenant who expends funds necessary to protect or preserve the common property is entitled to have those expenditures charged to the tenants in common according to their pro rata ownership." *McGehee v. Campbell*, No. 01-08-1023-CV, 2010 WL 1241300, at *3 (Tex. App.—Houston [1st Dist.] Mar. 25, 2010, no pet.); *see Henry v. Brooks*, 651 S.W.3d 657, 663 (Tex. App.—Tyler 2022, no pet.) ("[I]f one cotenant pays more than her share of a mortgage or makes an outlay for necessary or proper preservation of the property, she is entitled to reimbursement from her cotenants."). Here, Spates paid $44,367.00 towards the mortgage principal during the applicable period. According to his expert, the present-day value of that amount was $77,967.27. Because Spates owns an undivided half of the community-property interest in the marital residence, the trial court correctly ordered the remaining cotenants to reimburse appellee for half of that amount: $38,983.63.

We conclude the trial court did not abuse its discretion in ordering a partition by sale. We overrule Dejean's second and third issues.

### III. CONCLUSION

We affirm the judgment of the trial court as challenged on appeal.


/s/     Charles A. Spain
          Justice


Panel consists of Justices Jewell, Spain, and Wilson.